## M. A. Hilton v. The State.

### No. 1994. Decided October 25, 1899.

**1. Exceptions to Testimony in Rebuttal and in Support of Impeached Witness.**

Exceptions to the testimony of a witness introduced in rebuttal to support the testimony of an impeached witness, as to dates of certain occurrences, are without merit where they fail to show any conflict between said testimony and that of the impeaching witness.

**2. Adultery—Principals and Accomplices—Charge.**

On a trial for adultery, where the only accomplice was one of the alleged parties to the offense, a charge of court was sufficient which, after instructing the jury that all persons who are guilty of acting together in the commission of an offense are principals, further instructed them, that "all persons are accomplices who participate in the commission of an offense as a principal as before defined."

**3. Same—Accomplice—Submitting Question as to, to Jury.**

On a trial for adultery, while it would be proper for the court to instruct the jury that the female involved in the offense is an accomplice, still there is no harm in the court's submitting to the jury the question as to whether she was an accomplice.

**4. Same—Accomplice Testimony—Corroboration—Charge.**

On a trial for adultery, where the State's case, as to the acts of carnal intercourse, mainly depended upon the testimony of the female paramour, who testified to one act in another county, it was error for the court to instruct the jury to consider this act in such other county as corroborative of her other testimony of acts committed in the county of the prosecution.

**5. Same.**

On a trial for adultery, where the prosecution mainly relied upon the testimony of the female paramour, it was error to refuse to instruct the jury that they could not consider, as corroborative of her testimony, her statements to other parties.

**6. Adultery—"Habitual Carnal Intercourse"—Charge.**

On a trial for adultery, alleged upon "habitual carnal intercourse of parties not living together," it is not required that the court should define or explain the words "habitual carnal intercourse," in its charge, since such words are not technical and are understood as used in common acceptation.

**7. Same—Evidence of Resemblance of a Child.**

On a trial for adultery, evidence as to the resemblance of a child seven months old to defendant, its reputed father, is not admissible for the purpose of comparison in order to establish paternity.

**8. Same—Evidence Insufficient.**

See opinion for evidence held insufficient to support a conviction for adultery predicated upon a charge of "habitual carnal intercourse" of parties not living together.

Appeal from the County Court of Erath. Tried below before Hon. L. N. Frank, County Judge.

Appeal from a conviction of adultery; penalty, a fine of $500.

The information charged appellant, a married man, with unlawful habitual carnal intercourse with Josie Johnson, an unmarried woman. The case is sufficiently stated in the opinion.

*Daniel & Keith,* for appellant.

*W. J. & Eli Oxford* and *Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of adultery, and his punishment assessed at a fine of $500, and prosecutes this appeal.

Appellant's first bill of exceptions calls in question the action of the court in admitting the testimony of Mrs. Zora Johnson. The bill shows that this witness was introduced by the State for the purpose of rebuttal, to sustain the testimony of Josie Johnson, after the defendant had impeached her by showing that she had made a statement to J. W. Jarrott different from her testimony on the trial. There was no objection to the impeaching testimony by the witness Mrs. Zora Johnson, except that the defendant objected to her giving any time, date, or year as to the alleged acts of intercourse; claiming that the witness Jarrott had not testified during his examination as a witness to any time, date, or year that the said Josie Johnson stated that the acts of carnal intercourse occurred. By reference to the bill of exceptions it will be observed that the court does not certify that the witness Jarrott had not stated that the witness Josie Johnson, in stating the matter to him, gave no dates. If we look to the answer of the witness, she gave no date, further than that the three acts of carnal intercourse which Josie Johnson related were, according to her statement, had within the last two years. We do not believe the exceptions taken to this matter are meritorious.

Appellant objected to a number of charges given by the court, and to the refusal of the court to give certain requested instructions. Among others, he took an exception to the action of the court in the instruction defining who were accomplices. The language of the instruction on this subject, objected to, is as follows: "All persons are accomplices who participate in the commission of an offense as a principal, as before defined." Principals were defined to be "all persons who are guilty of acting together in the commission of an offense." In our opinion, this charge sufficiently covered the question of accomplices, as applied to this case. Josie Johnson, the alleged accomplice, was only an accomplice as a principal participant in the offense.

Appellant also objected to the court submitting the question to the jury as to whether or not Josie Johnson was an accomplice. Of course, there could be no question that she was an accomplice; she being a participant in the offense as a principal. While in such case it would have been proper for the court to have instructed the jury that Josie Johnson was an accomplice, still we see no harm in the court submitting this question to the jury. The jury were bound to regard her as an accomplice, and, unless her testimony was otherwise corroborated, they would not have been authorized to find a verdict against defendant. This, however, presents another question.

Appellant objected to the following charge of the court in regard to the witness Josie Johnson: "Evidence, if any, tending to show that

defendant had carnal intercourse with Josie Johnson, in Bosque County, in the fall of 1895, was admitted in corroboration of the State's witness Josie Johnson, if it does corroborate her, and may be considered by you for that purpose alone." For the purpose of counteracting the effect of this charge, appellant, as he contends, asked special instructions numbers 2 and 3, which are as follows: "(2) You are instructed that you can not consider the evidence of the witness Josie Johnson as to any act of carnal intercourse had with defendant in Bosque County, but you can only consider her testimony as to acts of carnal intercourse in Erath County. (3) You are instructed that the testimony of Josie Johnson as to acts of carnal intercourse with defendant in Bosque County can not be considered by you as corroboration of her testimony, or for any other purpose, in this case." The court refused these charges. Under the peculiar facts of this case, we do not believe the court should have given the charge objected to. Certainly, if it did, special instruction number 3 asked by appellant should have been given. The indictment alleged the offense to have been committed in Erath County, and the prosecution was in said county. The State's case mainly depended on the testimony of Josie Johnson as to acts of carnal intercourse. While the State proved by Josie Johnson an act of carnal intercourse in Bosque County (no objection being urged against the admissibility of same), under the court's instruction the jury were authorized to look to this act of carnal intercourse in Bosque County, proved by her, as corroborative of her testimony as to the acts of carnal intercourse in Erath County, and so to corroborate her by her own testimony. So viewed, we can not but regard the instruction of the court as materially injurious to appellant. While the court in another part of the charge instructed the jury that, before they could convict appellant, they must find Josie Johnson corroborated by other testimony, yet in this particular charge the jury were instructed to disregard the rule which had previously been laid down by the court. It is no answer to this proposition that this charge was intended by the court to relate to the confession of appellant, made to Bird, as to the act of intercourse that he had with Josie Johnson in Bosque County. If Bird's had been the only testimony in regard to this act of intercourse, then the jury might have applied the charge alone to Bird's testimony; but, inasmuch as Josie Johnson herself testified to this act of intercourse in Bosque County, they were liable to extend the charge, in effect, to her own testimony. In this connection, we also believe that the court should have given appellant's special instruction number 7, to the effect that the testimony of Mrs. Johnson as to what Josie (the prosecutrix) told her and Jarrott and Oxford at her home could not be considered by the jury as corroborative of Josie Johnson, but could only be considered by them in impeachment of the witness J. W. Jarrott.

Appellant complains that the court erred in refusing to define the word "habitually" in his charge to the jury. This question was settled adversely to appellant's contention in Collum v. State, 10 Texas Crim-

inal Appeals, 708; it being there held that the "word 'habitual,' as employed in the Code, is not one of technical signification, but only to be understood as it is used in common acceptation, and hence needs no explanation by the charge of the court. The jury must be held competent to understand what is meant by the language in common use, and what is meant by the expression 'habitual carnal intercourse.' "

On the trial the State proved that the child of Josie Johnson, which was only seven months old, resembled appellant. This testimony was not objected to. Appellant, however, by special charge, requested the court to instruct the jury to disregard said testimony. This was equivalent to a motion to strike out the same. In Barnes v. State, 37 Texas Criminal Reports, 320, we said that the proof of the resemblance of a child only three or four months old to the reputed parent is not admissible for the purpose of comparison, in order to establish paternity. We think the same rule applies to a child only seven months old.

Appellant insists that the case should be reversed because the evidence is insufficient to sustain the verdict. We have examined the record carefully, and while there is testimony tending to corroborate Josie Johnson, the alleged paramour of appellant, yet we do not believe that, with her testimony corroborated, the State has made out a case in this instance. The statute makes the offense of adultery to consist in habitual carnal intercourse, where the parties do not live together, as in this case. The dictionaries define "habitual" to mean "formed or acquired by or resulting from habit, frequent use, or custom; formed by repeated impressions," etc. And see also Magahay v. Magahay, 35 Mich., 210. The State's case, as stated before, mainly depended on the testimony of Josie Johnson; and she testified that appellant had carnal intercourse with her in Bosque County in the fall of 1895, during a visit she made to her sister, who was appellant's wife, just before appellant moved to Erath County. She further testified that appellant committed three other acts of carnal intercourse with her during the year 1897 in Erath County, at her father's house,—the first occasion being some time during the month of August, 1897; the next, some time during the month of September following; and the last time on the 10th day of October, 1897. On each of these occasions, she stated, appellant came to the home, and all the family were gone except herself, and that these were the only times that he had ever had carnal intercourse with her; that she conceived on the 10th day of October, 1897, and gave birth to a child on the 24th of May, 1898. According to Bird's testimony, appellant confessed to him to but two occasions,—one in Bosque County in 1895, and once on the 10th of October, 1897, at the home of the witness Josie Johnson, in Erath County. Now, the question arises, does this evidence prove habitual carnal intercourse? (We are not now discussing a case where the evidence shows two or three acts of carnal intercourse, merely, but the evidence here negatives any other acts of intercourse than those

proven.) To say these three acts of carnal intercourse, or, including the instance in Bosque County, four acts, would constitute frequent or habitual acts of intercourse, to our minds would be a misuse of terms. The statute requires, where the parties do not live together, that the proof must show habitual intercourse, and not merely occasional acts. While the conduct of appellant, as shown by this record, was exceedingly reprehensible, still, the acts being occasional and not habitual, we do not believe the proof is sufficient to sustain the conviction. For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*