ISAIAH MANUEL v. THE STATE.

No. 2475. Decided April 29, 1903.

1.—Adultery—Evidence Insufficient.
    See opinion for evidence summarized held insufficient to support a conviction for adultery.
2.—Insertion of Names of Witnesses in Subpoena.
    No one is authorized to insert the names of witnesses in process except at the instance of the parties interested in the litigation; and a deputy sheriff is without authority to do so of his own motion.
3.—Witness Fees—Taxing Costs.
    The attendance fees of witnesses summoned without legal authority can not be legally taxed against a defendant.

Appeal from the County Court of Burleson. Tried below before Hon. R. J. Alexander, County Judge.

Appeal from a conviction of adultery; penalty, a fine of $100.

Appellant and Josephine Mathis, a woman, were jointly charged, by information, with adultery, in that they unlawfully lived together and had carnal intercourse with each other.

The evidence is summarized in the opinion.

No brief on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State, submitted the case upon the record.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of adultery, and fined $100.

The charge in the information is that defendant and Josephine Mathis lived together and had carnal intercourse with each other. We have carefully examined the statement of facts, and believe the contention of appellant is correct that the evidence does not support the conviction. There are some suspicious circumstances tending to support the charge; that they were together a great deal is an unquestioned fact, but beyond this the State's testimony does not legally go. They seem to have been environed by quite a cloud of witnesses, but none of them testified to an act of intercourse. The husband of the woman testified that he slipped up to a house and saw defendant and witness' wife and the sister of appellant lying on the same bed in a half-dressed condition. Another witness testifies to having seen defendant in the room, a few feet distant from quite a crowd of people on the gallery, stoop over his alleged paramour as if in the act of kissing her. We do not believe this evidence is sufficient to justify a conviction of adultery.

There is another question presented for revision. A subpoena was issued for witnesses and turned over to the sheriff for the purpose of execution. A deputy sheriff inserted within the subpoena the names of about twelve additional witnesses, this of his own volition, and without authority. Why this was done is not explained. However, the evidence discloses that on a motion to retax the fees added by virtue of this insertion, the sheriff's costs were stricken out by the county judge. Whatever may have been the purpose or reason for inserting these names, it is very clear it was without authority and in violation of law. No one is authorized to insert the names of witnesses in process, except at the instance of interested parties in the litigation. The insertion of the names, under these circumstances, without authority, would tend to raise an obligation against one or more of the parties to the suit, and might become a very serious violation of law. It seems, from the testimony, that the costs, as originally taxed, were $336.86; $226.86 costs, and $100 fine. After hearing the evidence the court reduced the fees of the sheriff and clerk, on account of the illegal insertion of the names, summoning the witnesses, and incidental affidavits proving up their accounts; but refused to deduct from the cost-bill the items for the attendance of these witnesses so illegally summoned, amounting to about $125. Appellant was in no way responsible for the insertion of the names of these witnesses in the subpoena, nor does it seem they were required by the State, but simply inserted, as testified by the deputy sheriff, of his own volition. His reason for inserting the names is not stated. If it was done for the purpose of obtaining costs against appel-

45 Crim.—7.

lant, it was certainly very reprehensible conduct, if not in direct violation of the criminal statutes of this State. If such conduct was for this purpose, it should not be tolerated. The trial court seems to have taken this view of it, for the items of costs taxed by the clerk and sheriff were promptly revised, on the testimony of these two officers; but the witnesses' fees were permitted to remain. The judge was correct in revising the cost bill of the sheriff and clerk, and for the same reason should have revised that of the attendance of these witnesses. While the sheriff was responsible for their attendance, and they, perhaps, were not at fault in any way, still defendant was not in any way responsible; and the responsibility, under these circumstances, should find its location in the party doing the wrong. We have seen proper to call attention to these matters, because they should not be permitted in the enforcement of law.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*