### SAM COLLINS v. THE STATE.

#### No. 2683.   Decided April 13, 1904.

**Adultery—Evidence.**
See opinion for evidence held to be insufficient to support a conviction for adultery, by means of habitual sexual intercourse.

Appeal from the County Court of Williamson. Tried below before Hon. Chas. A. Wilcox.

Appeal from a conviction of adultery; penalty, a fine of $100.

*J. B. Robinson* and *J. T. Taulbee,* for appellant.—Merritt v. State, 12 Texas Crim. App., 203; Hilton v. State, 53 S. W. Rep., 113.

*Howard Martin,* Assistant Attorney-General, for the State.—Cullom v. State, 10 Texas Crim. App., 708.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of adultery, by means of habitual sexual intercourse with Bertha Sanders. His paramour was used as a witness, and testified that she had had carnal intercourse with appellant at her father's house in Williamson County four or five times, the first occasion being about the first of August; and again in about a week afterwards; and in about two weeks it was repeated. She further testified that these occurrences in all were four or five times, not less than four nor more than five; and that from the first to the last time a period of about one month elapsed; that she became pregnant as the result of these acts of intercourse. There is quite a lot of testimony, some of it tending to show that she may have become pregnant from some other source, as her menses ceased about two months before she states appellant had intercourse with her. She is corroborated by two facts: first, her little brother stated he caught them in the very act of intercourse. This she denies,

and states that her brother could not have seen the act unless through the walls of the house. And the other fact was that her mother expostulated with her and defendant in regard to defendant calling on her so often at the house—he being a married man. We are of opinion that this evidence does not show the crime of adultery by habitual carnal intercourse. Hilton v. State, 41 Texas Crim. Rep., 190; Merritt v. Merritt v. State, 12 Texas Crim. App., 203. Because of the insufficiency of the evidence to justify the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*