### W. B. BOSWELL v. THE STATE.

#### No. 3183. Decided March 8, 1905.

**Adultery—Statute Construed.**

Where in a prosecution for adultery, the evidence showed that the prosecutrix was a cook and general servant in the home and family of the defendant for about seven months, and that during this time she had carnal intercourse with him six times, and that four of these acts occurred in the house, but she did not occupy the same room with defendant, neither count of the indictment, which in the first charged a living together and carnal intercourse, and in the second habitual carnal intercourse without living together, was sustained.

Appeal from the County Court of Johnson. Tried below before Hon. J. D. Goldsmith.

Appeal from a conviction of adultery; penalty, a fine of $100.

The opinion states the case.

*F. E. Adams, W. E. Meyers* and *T. A. Baker,* for appellant.

*Howard Martin,* Assistant Attorney-General, and *Mason Cleveland,* County Attorney, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment contains two counts, charging appellant with living in adultery with Amanda Lenox.

The first count charges they lived together and had carnal intercourse; and the second, the offense was committed by habitual carnal intercourse without living together. It is conceded by the State that conviction could not be had under the first count under the facts. Under the second count Amanda Lenox testified for the State that during the summer and fall of 1903, she had intercourse with appellant six times; that she was working in the family of appellant, whose wife was sick, and she was working in the capacity of cook and general servant. Four of these acts occurred in the house. She occupied this relation about seven months. This evidence does not prove the second count; that is, that they had habitual carnal intercourse with each other. Collins v. State, 10 Texas Ct. Rep., 1020. For want of sufficient evidence to sustain the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.

DAVIDSON, PRESIDING JUDGE.—The State has filed a motion for rehearing. The original opinion reversing the judgment did not consider the first count in the indictment wherein the parties were charged with adultery by reason of their living together,—holding that the evidence did not raise that question. The woman alleged to be the paramour, was a servant of appellant and family as cook and sort of a general servant. Appellant's wife was sick at the time. It is contended that under the first count the evidence justified a conviction, because the paramour was a servant in and about the premises for several months, and that this constituted sufficiently what the statute terms "living together." We cannot agree to this under the facts. The statute of adultery was enacted for a specific purpose. It was never intended by this expression in the statute to convey the idea, that a married man with a family was "living together" with a servant in violation of the adultery statute merely because the servant might occupy a room in the house of the master. To give the statute such construction would be to hold that where the landlord or family slept under the same roof with the servant, this would be a "living together" with that servant. In a sense people who live in the same house, though occupying different rooms might be said to be living together. The house would be a common domicil. In the sense sought to be impressed upon this statute by the motion for rehearing, every man who owns a house and has a female servant, who happens to occupy a room, would be "living together" with that servant. In Lenert's case, 2 Texas Ct. Rep., 801, we held the evidence was sufficient to show a living together, which justified the verdict, in view of all the facts adduced in that case. The woman was the housekeeper of a Catholic priest. Under the laws of that Church he could not be a married man. This was her home, and she occupied it as housekeeper for the priest. We held under the facts of that case, there was sufficient evidence of a violation of the statute. In Bradshaw's case, 2 Texas Ct. Rep., 232, it was stated, "While the proof on the part of the State

showed the parties lived in the same house, it is also shown that they lived and inhabited separate and distinct rooms in said house. There is no testimony suggesting that defendant supported, maintained or aided in supporting his paramour." In the case here, the only evidence upon which the State could hope for a conviction was the fact that the paramour was a cook and sort of general servant. In a certain sense it may be said he was supporting her; that is, he was paying wages for her services; and it may be inferred that she was taking her meals at appellant's residence. There is no pretension that they occupied the same room. All the facts relied upon, as above stated, are (1) that she was a cook; (2) sort of a general servant and (3) that she slept in the house but in a different room. We do not believe this statute means to include a married man with a family as living together with a cook who is employed to wait upon the family. There must be something more than that under the statute. Under the construction sought to be placed upon it by this motion, every married man in the country who happened to have a female cook sleeping in the house would be "living together" with her, and if one act of intercourse should occur, then they would be "living together" in adultery. We do not believe this contention is right under the facts in this record. The original opinion is correct. The motion for rehearing is overruled.

*Overruled.*

Henderson, Judge, absent.