### W. M. TAYLOR v. THE STATE.

No. 2996. Decided May 3, 1905.

**Adultery—Habitual Carnal Intercourse—Insufficiency of Evidence.**

Where in a prosecution for adultery by habitual carnal intercourse, the evidence showed that defendant had sexual intercourse with his alleged paramour four times at intervals of one week, the conviction was not sustained.

Appeal from the County Court of Lavaca. Tried below before Hon. C. J. Gray.

Appeal from a conviction of adultery; penalty, a fine of $100.

The opinion states the case.

*Paulus & Ragsdale,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—Baswell v. State, 12 Texas Ct. Rep., 568; Collins v. State, 10 Texas Ct. Rep., 1020.

DAVIDSON, PRESIDING JUDGE.—The question in the case is, whether or not the evidence sustains the conviction for adultery. The State's case is made to depend upon the fact that appellant had sexual intercourse with his alleged paramour, four times. These acts occurred at intervals of one week. This is shown by the paramour. She weakens her testimony considerably by stating that she had previously informed the county attorney, while he was investigating the matter looking to a prosecution, that appellant had had sexual intercourse with her but once; that the county attorney then informed her that she must tell him the truth, that it was no more shame to tell of the other instances than the one time, and she then told him it might have been two or three times, but not until on the witness stand did she swear that there had been four acts of intercourse. Appellant denied entirely having had intercourse with her at any time. There are some other matters of contradiction, as well as testimony, tending to show that one of the witnesses in the case may have been the author of the girl's shame; and further that this prosecution was at the instigation of a party for the purpose of obtaining money from defendant. However this may be, the State's case under this record must depend upon the acts of intercourse to which the girl testified. The allegation in the information is that the adultery was constituted by habitual carnal intercourse without the parties living together. The facts show that they did not live together. We do not believe this testimony sustains the allegation. Because the evidence does not support this conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*