### JENNIE QUINN v. THE STATE.

#### No. 3937. Decided March 13, 1907.

**1.—Adultery—Jury Law—Challenge for Cause—Opinion.**

Where upon trial for adultery one of the jurors had formed an opinion from conversing with one of the witnesses, and the defendant was compelled to take him, having exhausted his challenges, a challenge for cause should have been sustained, although the juror stated that he believed he could render a fair and impartial verdict.

**2.—Same—Hearsay Evidence.**

Upon trial for adultery testimony of witnesses as to what they had heard some one else say not in the presence of defendant, should have been excluded as hearsay.

**3.—Same—Impeaching Witness—Surprise.**

Upon trial for adultery where a State's witness had failed to testify to matters which the State desired to prove by him, and there was no claim of surprise, the State should not have been permitted to contradict this witness.

**4.—Same—Evidence—Contents of Letter—Hearsay—Notice.**

Upon trial for adultery where there was no notice to produce a letter, the predicate was insufficient to introduce its contents. Opinions of witnesses, and acts of defendant occurring long before the indictment, were inadmissible.

**5.—Same—Charge of Court—Habitual Carnal Intercourse—Insufficient Evidence.**

Where upon trial for adultery, a number of acts of familiar conduct were proven, but no positive evidence of any act of carnal intercourse was shown, the evidence was insufficient to authorize a conviction that defendant was married and was guilty of habitual carnal intercourse without living with her paramour.

Appeal from the County Court of Dallam. Tried below before the Hon. J. P. Inman.

Appeal from a conviction of adultery; penalty, a fine of $500.

The opinion states the case.

*Reese Tatum,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of adultery, and her punishment assessed at a fine of $500; and prosecutes this appeal.

Appellant excepted to the action of the court in impaneling the jury. It seems that two of the jurors entertained an opinion which on direct examination they stated it would take evidence to remove before they could reach a verdict; one of them stated he had formed his opinion from having talked with one of the witnesses. Appellant exhausted her challenges and was compelled to take these jurors. Both of these jurors stated that they believed they could try the case and render a fair and impartial verdict regardless of the opinion they then entertained. A distinction has been taken in the cases between the formation of an opinion, from hearsay, and the formation of an opinion from having heard the evidence, or having talked with the witnesses. See Trotter v. State, 37 Texas Crim. Rep., 468; Suit v. State, 30 Texas Crim. App., 322, and Shannon v. State, 34 Texas Crim. Rep., 4. As stated before, it seems one of the jurors had formed an opinion from conversing with one of the witnesses, still he stated that he believed he could render a fair and impartial verdict on the evidence. It might be possible for one to do so, but ordinarily it would be difficult. We believe the challenge to this juror should have been sustained. See Obenchain v. State, 35 Texas Crim. Rep., 490, and Keaton v. State, 40 Texas Crim. Rep., 140.

Appellant reserved a number of bills of exception to the admission against her of hearsay testimony; that is, as to what witnesses had heard some one else say besides the defendant and not in her presence. A good deal of this hearsay testimony was expressions and statements of appellant's codefendant Frank Gibson. This testimony should not have been admitted. Some of it was of a hurtful character and sufficient to reserve the case.

The State placed Frank Gibson on the stand, and then undertook to impeach him. There is no claim that the State was surprised at his testimony, or that he gave testimony of an affirmative character hurtful to the State; he may have failed to testify to some things the State desired to prove by him. The State was permitted, over appellant's objection, to contradict this witness. This should not have been done.

There was no notice to produce a letter written by Mrs. Quinn to Frank Gibson at Kansas City, and a sufficient predicate was not laid for the introduction of the contents of this letter. Nor was it competent for the State to prove by the witness Ike Mansker, that he was on the jury that turned Frank Gibson loose, and that he turned him loose on a technicality of law; that he believed they were both guilty; nor was it competent to prove that appellant ran off with other men a good while before she was indicted in this case. This case is replete with hearsay evidence which was admitted over appellant's objection. It is not necessary to notice same further than has been done.

The court should have given a full and fair charge on the presumption of innocence and reasonable doubt as requested by appellant.

The conviction in this case was on the second count, which charged

that appellant, being a married woman, had habitual carnal intercourse with Frank Gibson without living with him. A number of acts of familiar conduct were proven, but so far as we have been able to discover, there was no positive evidence of any act of carnal intercourse, and the State relied on circumstantial evidence in order to make out its case. Circumstances attending two transactions suggest strongly that the parties had carnal intercourse on these occasions, but these alone would not be sufficient to authorize a conviction. Unless the State shall be able to strengthen its case as to the acts of intercourse, it should not secure a conviction.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*