## DOC JACKSON v. THE STATE.

No. 3460.     Decided April 10, 1907.

**1.—Adultery—Accomplice—Corroboration—Charge of Court.**

Upon trial for adultery, the prosecutrix under the statute was an accomplice, and the charge that unless such accomplice was corroborated by other evidence tending to connect the defendant with the offense committed, and that the corroboration was not sufficient if it merely showed the commission of the offense, was on the weight of the evidence. See requested charge on accomplice testimony which was correct and should have been given.

**2.—Same—Insufficient Corroboration—Habitual Carnal Intercourse.**

Where upon trial for adultery, the only corroborative testimony was that defendant leaned over the pallet upon which prosecutrix and his two children were sleeping at night, in the same room where witness and his wife slept, the same was insufficient to sustain the charge of adultery based upon habitual carnal intercourse; besides the testimony of prosecutrix is contradictory, incoherent and unsatisfactory.

Appeal from the County Court of Navarro. Tried below before the Hon. C. L. Jester.

Appeal from a conviction of adultery; penalty, a fine of $100.

The charge of the court on accomplice testimony was as follows: "Our law provides that a conviction cannot be had of a defendant charged with an offense in violation of the law, on the testimony of an accomplice unless such accomplice is corroborated by other evidence tending to connect the defendant with the offense committed and the corroboration is not sufficient if it merely shows the commission of the offense."

- The opinion states the case.

*Callicutt & Call* and *Richard Mays,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State

BROOKS, JUDGE.—Appellant was convicted of adultery and his punishment assessed at a fine of $100.

Appellant asked the court to charge the jury as follows: "You are further charged as a part of the law of this case, at the request of the defendant, that before you would be authorized to find the defendant guilty, you must not only believe the testimony of the witness Tennie Stewart to be true but you must further find from the evidence that said Tennie Stewart has been corroborated by other testimony showing

both the commission of the offense charged as well as connecting defendant therewith. The corroborating testimony necessary under the law must be upon material facts connecting the defendant with the commission of the offense charged." This charge is a substantial copy of a charge on accomplice testimony repeatedly approved by this court. The charge of the court on accomplice, under authorities of this court, was upon the weight of the evidence, and for proper charge on accomplice testimony, see Garlas v. State, 88 S. W. Rep., 345; Barton v. State, 14 Texas Ct. Rep., 855; Dickson v. State, 90 S. W. Rep., 879; Jones v. State, 7 Texas Ct. Rep., 13; Hart v. State, 11 Texas Ct. Rep., 190; Washington v. State, 11 Texas Ct. Rep., 1028; Crenshaw v. State, 12 Texas Ct. Rep., 758, and Bell v. State, 47 S. W. Rep., 1010. The prosecutrix, under the adultery statute, is an accomplice in law. The testimony of the prosecutrix in this case as disclosed by the statement of facts is both contradictory, incoherent and unsatisfactory. She admits having made statements charging other parties as being the author of her shame and never until persistently pressed did she accuse appellant of being the author of her disgrace. Her testimony is not corroborated in such manner as authorizes this court to affirm this case. The only thing we discover in the record that tends to show corroboration is the testimony of a very old negress who, in substance, states that she was waiting upon appellant's wife during her confinement, and during the early part of a night the fire suddenly blazed up in the hearth and she discovered appellant leaning over the pallet upon which prosecutrix and his two children were sleeping. This pallet was in the room where appellant's wife slept as well as appellant, and where the old negress also slept upon another pallet. There is nothing suggested by this testimony showing or tending to show corroboration. It is true the old negress says appellant was in his night clothes, but the evidence suggests, from the State's standpoint, that he (appellant) was merely caring for the comfort of his own little children who were sleeping upon the same pallet. Prosecutrix was appellant's wife's sister, and their being in the same room could not be considered as corroboration under the circumstances, or as tending to corroborate. Furthermore, this prosecution is for adultery based upon that clause of the statute which denounces habitual carnal intercourse. Certainly, if this evidence suggests one act or tended to suggest one act of intercourse, it would not be corroboration of the charge in the indictment that appellant engaged in habitual carnal intercourse. So in neither event do we think the corroboration of the prosecutrix is sufficient to sustain this conviction.

For the error in the court's charge and on account of the fact that the evidence of the accomplice is not corroborated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*