### MARY ANDERSON v. THE STATE.

#### No. 4384. Decided March 7, 1917.

**1.—Adultery—Insufficiency of the Evidence.**

Where, upon trial of adultery by habitual carnal intercourse without living together, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded. Following Manuel v. State, 45 Texas Crim. Rep., 96, and other cases.

**2.—Same—Evidence—Moral Turpitude.**

Where, upon trial of adultery, defendant put her reputation for virtue and chastity in evidence, there was no error in permitting evidence for the State that her daughter was illegitimate.

Appeal from the County Court of Ellis. Tried below before the Hon. W. M. Tidwell.

Appeal from a conviction of adultery; penalty, a fine of one hundred dollars.

The opinion states the case.

*Clyde F. Winn,* for appellant.—On question of reputation of prosecutrix for chastity: Bowers v. State, 45 Texas Crim. Rep., 185, 71 S. W. Rep., 284; Brown v. State, 56 Texas Crim. Rep., 389, 120 S. W. Rep., 444; Winn v. State, 54 Texas Crim. Rep., 538, 113 S. W. Rep., 918.

On question of insufficiency of the evidence: Hilton v. State, 41 Texas Crim. Rep., 190, 53 S. W. Rep., 113; Boswell v. State, 48 Texas Crim. Rep., 47, 85 S. W. Rep., 1076, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of character of prosecutrix: Duncan v. State, 40 Texas Crim. Rep., 591, 45 S. W. Rep., 921: French v. State, 47 Texas Crim. Rep., 571; Ham v. State, 60 S. W. Rep., 405; Kahn v. State, 38 S. W. Rep., 989; Green v. State, 53 Texas Crim. Rep., 540; Koger v. State, 73 Texas Crim. Rep., 448, 165 S. W. Rep., 577.

MORROW, JUDGE.—Appellant was charged with and convicted of adultery by habitual carnal intercourse without living together.

The evidence showed that the officers went to the house in which appellant and her daughter lived, about midnight; that the house was dark and still; and that upon demanding admission, stating that they were officers, appellant opened the door, and on entering they found the house contained a bed and a cot; that the bed was occupied by the appellant's fourteen-year-old daughter and the cot was occupied by a man by the name of Ernest Porter; that Ernest Porter was dressed in his shirt, underclothes and socks and that near the cot in which he lay was some female under clothing.

Appellant's daughter testified that she and her mother had occupied the bed; that her mother had not got out of the bed until the officers called; that she had not occupied the bed with Porter, nor had he occupied her bed; that Porter came to the house, stating that he was sick and unable to go home, some mile and a half distant, and that he lay down on the cot and slept there by himself, and that witness and her mother slept in bed together; that Porter visited their house about twice a week, usually coming at night; that witness was present during his visits; that he had previously spent one night there on account of a hard rain coming up while he was there; that on that night he slept on the cot by himself and witness and her mother slept in the bed together; that except on these two occasions he had never spent the night at their house.

Appellant challenges the sufficiency of this evidence, and in our opinion it is not sufficient to sustain the conviction. The Assistant Attorney General concedes that it is not. The evidence is not materially different from that introduced in the case of Manuel v. State,

45 Texas Crim. Rep., 96. In fact, the evidence in the last named case was stronger against the appellant than that shown here. See also Cohen v. State, 11 Texas Crim. App., 337; Hilton v. State, 41 Texas Crim. Rep., 190, 53 S. W. Rep., 113; Collins v. State, 46 Texas Crim. Rep., 550, 80 S. W. Rep., 372; Boswell v. State, 48 Texas Crim. Rep., 47, 85 S. W. Rep., 1076; Taylor v. State, 48 Texas Crim. Rep., 216, 87 S. W. Rep., 148; Curlee v. State, 98 S. W. Rep., 840; Quinn v. State, 51 Texas Crim. Rep., 155, 101 S. W. Rep., 248; Hutchinson v. State, 108 S. W. Rep., 378; Wallace v. State, 63 Texas Crim. Rep., 611, 141 S. W. Rep., 95.

Complaint is made of the admission of proof that fourteen or fifteen years prior to the date of the alleged offense appellant had given birth to a child as the result of an illicit relation. As a general rule evidence so remote as this is not admissible, but under the peculiar facts of this case, appellant having put her reputation for virtue and chastity in evidence, it was not error for the State to develop on cross-examination that her daughter was illegitimate.

Because the evidence was insufficient to sustain the conviction, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*