## J. S. Cordill v. The State.

### No. 4876. Decided February 20, 1918.

**1.—Adultery—Habitual Carnal Intercourse—Rule Stated.**

Proof of an occasional act of carnal intercourse is not sufficient to show habitual carnal intercourse; that is, where the State relies alone upon proof of specific instances of a limited number of acts of this character, and where

the evidence excludes the idea that there were other acts, and where there are no attending circumstances upon which to found an inference that the intercourse was habitual

### 2.—Same—Case Stated—Insufficiency of the Evidence.

Where, upon trial of adultery, there was corroborative evidence of three instances of carnal intercourse between defendant and his paramour, and there was no contention that there were other acts which were so corroborated or other relationship than that which was testified to by the accomplice, the evidence was not sufficient to sustain a verdict for adultery by habitual carnal intercourse. Following Hilton v. State, 41 Texas Crim. Rep., 190, and other cases.

Appeal from the County Court of Howard. Tried below before the Hon. S. A. Penix.

Appeal from a conviction of adultery; penalty, a fine of one hundred dollars.

The opinion states the case.

*H. R. Debenport* and *J. B. Littler,* for appellant.—Cited Collins v. State, 46 Texas Crim. Rep., 550, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of adultery by habitual carnal intercourse without living together.

The paramour testified to nine specific acts of sexual intercourse occurring between the 15th of August and the 25th day of December, 1916, at intervals varying from one to two weeks, except that in one instance there was an interval of some two and a half or three months. The testimony of the paramour is treated as accomplice testimony, requiring corroboration. Art. 801, C. C. P.; Jackson v. State, 51 Texas Crim. Rep., 220, 101 S. W. Rep., 807; Wallace v. State, 63 Texas Crim. Rep., 611. To supply this the State used the testimony of the sister of the paramour, who testified to her presence on three occasions when carnal intercourse took place. Mr. Branch, in section 1053 of his Annotated Penal Code, collates the Texas cases in the following note:

"Proof of an occasional act of carnal intercourse is not sufficient to show 'habitual carnal intercourse.' Cohen v. State, 11 Texas Crim. App., 337 (circumstances); Hilton v. State, 41 Texas Crim. Rep., 190, 53 S. W. Rep., 113 (once a month for three months); Collins v. State, 46 Texas Crim. Rep., 550, 80 S. W. Rep., 372 (five times a month); Boswell v. State, 48 Texas Crim. Rep., 47, 85 S. W. Rep., 1076 (six times during summer and fall); Taylor v. State, 48 Texas Crim. Rep., 216, 87 S. W. Rep., 148 (four times a week apart); Curlee v. State, 98 S. W. Rep., 840 (four times); Quinn v. State, 51 Texas Crim. Rep., 155, 101 S. W. Rep., 248 (two acts and familiarity); Hutchinson v. State, 108 S. W. Rep., 378 (three times); Wallace v. State, 63 Texas Crim. Rep., 611, 141 S. W. Rep., 95 (six times two weeks apart)."

In Hilton v. State, 41 Texas Crim. Rep., 190, the definition of "habitual" is quoted as follows: "Formed or acquired by or resulting from habit, frequent use, or custom; formed by repeated impressions." The court says: "The statute requires, where the parties do not live together, that the proof must show habitual intercourse, and not merely occasional acts." A similar interpretation of the word "habitual" as used in the statutes has been made in various cases cited in Words & Phrases, vol. 2 (2nd series), p. 816. From the decisions of this court we understand that proof of occasional acts of carnal intercourse does not alone prove habitual carnal intercourse; that is to say, where the State relies alone upon proof of specific instances of a limited number of acts of this character, and where the evidence excludes the idea that there were other acts, and where there are no attending circumstances upon which to found the inference that the intercourse was habitual, the proof is not sufficient. It is to be remembered, however, that in this class of cases it is generally necessary to depend, at least in part, upon circumstantial evidence to establish the offense. 25 Cyc., 215. And occasional acts of illicit intercourse are potent circumstances when accompanied by other proof tending to show that the relation was habitual, and when so attended and lead to a conviction, it would be sustained, although the number of actual acts proved is very limited, or even proved alone by circumstances. In this case, as we understand the facts, there is no contention there were other acts, or evidence of other acts, or other relationship than that which is testified to by the accomplice and above detailed, corroborated to the extent and in the manner stated, and it would seem that this proof would, under the decisions of this court, classify the transactions as occasional rather than habitual, and render it proper to order a reversal of the judgment of the court below, which is accordingly done.

*Reversed and remanded.*