ERNEST HAFLEY v. THE STATE.

No. 5504. Decided October 27, 1920.

**Adultery—Habitual Carnal Intercourse—Insufficiency of the Evidence.**

Where, upon trial of habitual carnal intercourse alleging adultery, the proof only showed one act of carnal intercourse and other suspicious circumstances, the conviction could not be sustained. Following Collins v. State, 46 Texas Crim. Rep., 550, and other cases.

Appeal from the County Court of Hamilton. Tried below before the Honorable Joe H. Eidson.

Appeal from a conviction of adultery by habitual carnal intercourse; penalty, a fine of two hundred dollars.

The opinion states the case.

*H. E. Chesley*. for appellant.—On question of insufficiency of the evidence: Green v. State, 110 S. W. Rep., 908; Mabry v. State, 114 id., 378; Cordill v. State, 201 S. W. id., 181; Hammett v. State, 204 id., 226.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—The conviction is for adultery, the information charging habitual carnal intercourse with Inez Yates from October 1, 1917, to October 1, 1918, without living together. Inex Yates was married to John Yates September 28, 1917. It was a proven and conceded fact that the appellant and Mrs. Yates engaged in the act of sexual intercourse on April 23, 1918. The trial took place on the twenty-first day of April, 1919. The conceded

act of intercourse was testified to by the witness Shipman. Patterson, a witness for the State, said that he had known the parties for several years; that he had seen Mrs. Yates on a good many occasions passing his house going in a westerly direction toward the picnic grounds; that she at times passed after dark; that sometimes she was alone, and at others with a little girl, but at no time did he see her in company with the appellant. Rogers, a State witness, said that he was City Marshall, and that one night in the fall of 1917— after the first of October—that he saw the appellant and Mrs. Yates walking together in the outskirts of town in the direction of the picnic grounds; and that on various occasions he had seen them talking together in the town of Hamilton. Woosley testified that on one occasion during the fall of 1917 he saw the appellant and Mrs. Yates walking on the street together going in the direction of what he described as the "old picnic grounds;" that they continued walking together beyond the edge of the town.

Mrs. Woosley testified that in December, 1917, she saw Mrs. Yates drive up to the house of Oscar Hafley, where the appellant lived, and finding no one at home that she drove off and came back the third time, when the appellant came home on horseback and got into the buggy with Mrs. Yates and they drove off together. This occurred about 2 o'clock in the afternoon, and she saw them return about 4 o'clock the same afternoon.

The appellant testified that he had but one act of intercourse with Mrs. Yates; that the occasion upon which the witness Rogers saw them together was prior to her marriage, and that Mrs. Yates was going to the home of her sister to visit some sick children, and that he walked to the house with her. He also testified that when the witness Woosley saw them together it was before the marriage, and they were going to the home of her sister. He admitted that he had had conversations with Mrs. Yates over the phone, and that when she was convicted of adultery, based upon the act mentioned, he interested himself in her defense and paid her lawyer his fee. It was shown by the State that the reputation of Mrs. Yates for chastity was bad.

The above is a sufficient statement of the evidence, and under it appellant contends that the State was not entitled to a conviction in the court below, and is entitled to a reversal because it does not sufficiently prove that carnal intercourse was habitual. It is conceded they did not live together, therefore, the State's case depends upon the other phase of the statute, that without living together they had habitual carnal intercourse. It is conceded that there was one act of intercourse, which seems to have occurred in April, 1918. There were suspicious circumstances relied upon to show that the one act, aided by these suspicious circumstances, was sufficient to show habitual carnal intercourse. The parties were seen together on more than one occasion walking in the direction of what is termed the "picnic

grounds." They were also seen talking together on the streets. One witness testified that she saw the alleged paramour of appellant drive to Oscar Hefley's residence where appellant had his home; that she did this a time or two without finding him. He came later on horseback, got in the buggy and drove away. They were gone a couple of hours and returned. This seems to be about the State's case.

We are of opinion this evidence is not sufficient to show habitual carnal intercourse. If they went to the picnic grounds and had intercourse on two or more occasions and on the occasion mentioned by the lady witness when they drove away in a buggy, this would not prove habitual carnal intercourse. It seems to be the well settled rule that proof of occasional acts of carnal intercourse is not sufficient to show habitual intercourse. Cohen v. State, 11 Texas Crim. App., 337; Hilton v. State, 41 Texas Crim. Rep., 193. In the Hilton case there were three acts once a month for three consecutive months. Collins v. State, 46 Texas Crim. Rep., 550, where the facts showed five times a month; Boswell v. State, 48 Texas Crim. Rep., 48, the evidence showed six times during the summer and fall. In Taylor v. State, 48 Texas Crim. Rep., 216, the intercourse was shown to be four times a week apart. In Curlee v. State, 98 S. W. Rep., 840, the facts showed four acts of intercourse. Quinn v. State, 51 Texas Crim. Rep., 155, where the facts showed two acts and familiarity between the parties. Hutchinson v. State, 108 S. W. Rep., 378, showed three acts of intercourse. Wallace v. State, 63 Texas Crim. Rep., 611, showed six acts of intercourse two weeks apart. See also Green v. State, 52 Texas Crim. Rep., 540, and 1 Branch's Ann. P. C., p. 599, for collation of cases. The conclusion from these cases is that sporadic cases of intercourse will not suffice to prove habitual carnal intercourse. If under the above cases actual intercourse as therein set out did not constitute habitual intercourse, it ought not to be held that suspicious circumstances would be sufficient. Under these cases we are of opinion that the State has not made out a case under the terms of the statute. Therefore, we are of opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*