Adultery is the offense; penalty assessed at a fine of $100.

It is charged in the indictment that the appellant and Laura McNeal engaged in habitual carnal intercourse without living together. In her direct examination in behalf of the state, Mrs. Laura McNeal testified that upon two occasions (once about the 1st of May and the other about the 1st of October) she and the appellant engaged in sexual intercourse. Her testimony was to the effect that she and the appellant had had illicit intercourse twice and no more. In response to a question by the state touching her testimony before the grand jury, she said: "Yes, I testified I met him there and had acts of intercourse as often as once a week."

On cross-examination she reiterated her statement that she had had intercourse with the appellant only twice; namely, about the 1st of May and about the 1st of October.

■ The state called a member of the grand jury who testified that while before the grand jury Mrs. McNeal testified that she had had intercourse with the appellant about once a week. Proof of the statements of Mrs. Mc-Neal while before the grand jury was not usable by the state as criminative evidence against the appellant. It was hearsay, and many precedents support the contention of the appellant that such testimony was not available to prove the guilt of the accused. See Wallace v. State, 63 Tex. Cr. R. 611, 141 S. W. 95; Branch's Ann. Tex. P. C. p. 95, § 164. See especially Floyd v. State, 29 Tex. App. 356, 16 S. W. 188, and other cases cited on page 96 of Branch Ann. P. C., supra.

■ Through requested special charges and exceptions to the evidence, the appellant complains of the action of the court in allowing the state to make use of the testimony of Mrs. McNeal given before the grand jury and in his absence. It is incumbent upon the state under an indictment charging carnal knowledge without living together to make proof that the carnal knowledge was habitual. In the present instance such proof was not made by direct testimony, and the circumstances are not regarded as sufficient to support such theory. See article 499, P. C. 1925, and annotations in Vernon's Ann. Tex. P. C. vol. 1, p. 299. If the offense was committed as claimed by the state, then the witness Mrs. McNeal was an accomplice, and the corroboration of her testimony was essential. Apparently the record falls short of proof sufficient to establish the fact that the appellant and Mrs. McNeal were living together, or that they had habitual carnal knowledge, or that there was corroboration of such testimony as Mrs. McNeal gave. The state's attorney before this court concedes the propriety of ordering a reversal of the judgment of conviction.

The judgment is reversed, and the cause remanded.

## MATTHEWS v. STATE.
### No. 16133.

Court of Criminal Appeals of Texas.
Nov. 15, 1933.

B. W. Baker and Sam T. Holt, both of Carthage, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for aggravated assault; punishment, a fine of $100.

The record is here without any statement of facts or bills of exception. All matters of procedure appear regular.

The judgment will be affirmed.