## THEODORE KROLOZYK V. THE STATE.

No. 16439.   Delivered February 28, 1934.
Reported in 69 S. W. (2d) 83.

The opinion states the case.

*Julian E. Weisler,* of Brenham, and *Abner E. Lipscomb,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of fornication, and his punishment assessed at a fine of $250.00.

The testimony adduced upon the trial, briefly stated, is as follows:   Francis Steletski testified that she was 28 years of age and unmarried; that for a period of time covering approxi-

mately 18 months prior to the time of the trial of this case the defendant had had about 20 or 30 acts of carnal intercourse with her at her father's home near Chapel Hill in Washington County, Texas. That as a result of said intercourse she had become pregnant. She further testified that the reason she engaged in the acts of intercourse with defendant was that she thought he was going to marry her. Her sister testified that about a year prior to the trial the defendant came into the room one night where she and Francis were asleep in bed and got in bed with them and on that occasion had two acts of intercourse with Francis. Dr. Becker testified to the pregnant condition of Francis. No other or further testimony was offered by the state in support of the testimony of Francis, who was an accomplice. Appellant testified in his own behalf, denying the acts of intercourse.

It would be contrary to the intent and spirit of the law, which makes it an offense for an unmarried male and female person to habitually engage in acts of carnal intercourse, to hold that two acts on one occasion would be proof of habitual acts of carnal intercourse between said parties, and in support of the views herein expressed we refer to the following authorities: Hilton v. State, 41 Texas Crim. Rep., 190, 53 S. W., 113; Collins v. State, 46 Texas Crim. Rep., 550, 80 S. W., 372; Wallace v. State, 63 Texas Crim. Rep., 611, 141 S. W., 95. In the case of Wallace v. State, supra, Judge Davidson, speaking for this court, said: "Charity Johnson being an accomplice, it was necessary to corroborate her as to the allegation that appellant was having habitual carnal intercourse with her without living with her. * * * Charity Johnson is not corroborated except as to one time," and this was held not sufficient to justify the conviction. So, in the case under consideration, there is no evidence, we think, corroborating the accomplice except as to two acts of carnal intercourse on one occasion, and this is clearly not sufficient in that the law requires corroboration of the accomplice on proof of habitual carnal intercourse. The fact that the accomplice may have been pregnant, as testified to by herself and by Dr. Becker, does not corroborate her on the question of habitual carnal intercourse because that may have resulted from one act and whether that act was committed by the defendant or some other person is not disclosed by the testimony except by the accomplice. Many other cases might be cited in support of this proposition, but we feel that the matter has been so well settled that further elaboration on the question would be but a useless consumption of time and would unnecesssarily extend this opinion.

Because of the insufficiency of the testimony, as herein pointed out, to support the conviction, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.