

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS        AUSTIN 11, TEXAS
~~WILL WILSON~~
**ATTORNEY GENERAL**

Honorable W. J. Townsend
County Attorney, Angelina County
Lufkin, Texas

Dear Sir:                Opinion No. 0-6620
                           Re: Under the given facts can a
                               minor be prosecuted in the
                               justice of the peace court,
                               under the provisions of Ar-
                               ticle 482, Penal Code?

      From you letter of recent date we take the follow-
ing:

> "We have a case pending in one of the Justice
> Courts of this county, where a youngster, who al-
> leges he is only 13 years of age but who has the
> appearance of being much older, is charged with
> abusive language, and admits his guilt. He is
> not a habitual criminal and as far as we know,
> this is his first offense.

> "Can this party be prosecuted in the Justice
> Court for abusive language, under the provisions
> of Art. 482 of the Penal Code, where the fine is
> not more than one hundred dollars, if found guilty
> or must this case be referred the Juvenile Court
> for trial?"

      At its regular session in 1943 the Forty-Eighth
Legislature completely altered the law with reference to
juvenile delinquents in this State. See General and Special
Laws of Texas, 48th Leg., Reg. Sess., ch. 204, p. 313; Vernon's
Annotated Civil Statutes, Art. 2338-1. Through this legis-
lation, all articles of the Code of Criminal Procedure deal-
ing with the subject were specifically repealed; the purpose
of the new Act was declared to be to change the method of hand-
ling delinquent children from criminal procedure to a guardian-
ship, such children being recognized as wards of the state,
"subject to the discipline and entitled to the protection of
the state, which may intervene to safeguard them from neglect
or injury and to enforce the legal obligations due to them and
from them."

Your immediate inquiry seems to be answered by Section 12 of the above Act. (Vernon's Ann. Civ. St., art. 2338-1, Sec. 12). We quote:

"If during the pendency of a criminal charge or indictment against any person in any other court than a juvenile court, it shall be ascertained that said person is a female over the age of ten (10) years and under the age of eighteen (18) years, or is a male person over the age of ten (10) years and under the age of seventeen (17) years at the time of the trial for the alleged offense, it shall be the duty of such court to transfer such case immediately together with all papers, documents and testimony connected therewith to the Juvenile Court of said county. The court making such transfer shall order the child to be taken forthwith to the place of detention designated by the Juvenile Court, or to that court itself, or to release such child to the custody of a probation officer or any suitable person to appear before the Juvenile Court, or the probation department of said county at a time designated. The Juvenile Court shall thereupon proceed to set said case for hearing and to dispose of such case in the same manner as if it has been instituted in that court in the first instance."

If the "youngster" of whom you write is judicially determined to be thirteen (13) years of age, as claimed by him, the Justice of the Peace has no choice but to comply with the above section of the Juvenile Act. Irrespective of the fact that he may have been misinforming the court as to his age, if he is really under the age of seventeen (17) years, the Justice of the Peace has no discretion in the matter. Whether the erring youth is or is not under the age of seventeen (17) years is a question to be judicially determined. Under the statement you submit, inasmuch as the individual mentioned is claiming to be only thirteen (13) years of age, it would be the duty of the officers to carry out the spirit of the Act and to give effect to the announced intention of the Legislature through a careful and thorough investigation to determine the true age of the alleged miscreant. Note the provision in Section 11 of said Act that "no child shall be taken before a Police Court or a Justice of Peace Court."

Section 3 of said Chapter 204 defines the term "delinquent child" as one coming within the age limits (10 to 17 years for males, 10 to 18 years for females), who among other things "habitually violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such

offense is by pecuniary fine only." As your letter states that as far as you know the charge arising under Article 482 of the Penal Code is the first to be preferred against the individual you mention, and as a single act cannot be considered "habitual", the effect of said Juvenile Act is to relieve those within the age group from accountability under the law. See Hilton v. State, 41 Tex. Cr. R. 190, 53 S.W. 113; Cordill v. State, 83 Tex. Cr. R. 74, 201 S.W. 181; Branch's Penal Code, p. 599, for discussions on the meaning of the word "habitual."

You are therefore advised that it is our opinion that yours is a fact question, to be determined from all available evidence as to the actual age of the individual you mention. If such person is a child over the age of ten (10) years and under the age of seventeen (17) years, the Justice Court is without jurisdiction to try and fine him. We are further of the opinion that one within such age group who commits a single act which would be a misdemeanor punishable by pecuniary fine only if done by an adult, is subject to no proceedings whatever at the instance of the State of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Benjamin Woodall
Benjamin Woodall
Assistant

BW:zd:wc


APPROVED JUL 2, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman