## D. L. MABRY v. THE STATE.

### No. 4141. Decided October 28, 1908.

**1.—Adultery—Argument of Counsel.**

Where upon trial of adultery the county attorney in his argument pointed to a law book and stated that if he were permitted to read from this book he could show persons had been found guilty on much weaker evidence than in the case on trial; and the court stopped the State's counsel in his argument and instructed the jury that the same was not proper and should not be considered by them, there was no reversible error.

**2.—Same—Continuance.**

Where no bill of exceptions had been reserved to the overruling of the motion for continuance, the same could not be considered on appeal.

**3.—Same—Charge of Court—Habitual Carnal Intercourse.**

Where upon trial of adultery for habitual carnal intercourse there was but one direct act of carnal intercourse shown, the other evidence consisting of circumstances tending strongly to show that another act was consummated; that the defendant made frequent visits to the house of his paramour, etc. there was no error in the charge which instructed the jury that a single act of intercourse would not be sufficient to warrant a conviction; this was rather a caution to the jury that they could not convict for a single act.

**4.—Same—Sufficiency of Evidence.**

See opinion for evidence held to be sufficient to sustain a conviction of adultery for habitual carnal intercourse.

Appeal from the County Court of Lamar. Tried below before the Hon. Leslie Hardinson.

Appeal from a conviction of adultery for habitual carnal intercourse; penalty, a fine of $250.

The opinion states the case.

*C. N. Allen* and *B. B. Sturgeon,* for appellant.

*F. J. McCord,* Assistant Attorney-General, and *R. L. Lattimore,* County Attorney, for the State.—Cited Bird v. State, 27 Texas Crim. App., 635; Counts v. State, 49 Texas Crim. App., 329; 94 S. W. Rep., 220.

DAVIDSON, PRESIDING JUDGE.—This is a conviction of adultry. There was a bill of exceptions reserved to the remarks of the county attorney the substance of which was that the trial court ruled that he could not read to them the decisions of the highest court, but there were many cases in the book (pointing to a large book), where the highest court in the country had held the defendant guilty on much weaker facts than adduced in the case on trial and that he could read them from that book if the court had not ruled against him. Exception was reserved to these remarks as being improper and calculated to cause the jury to believe that the facts in the case on trial were sufficient. The court stopped the county attorney and informed him his argument was improper and instructed the jury not to consider the argument, and further informed the jury that they must try the case upon the facts in evidence and not upon the facts in any other case. We are of opinion that as this bill presents the matter there was no such error as would require a reversal of the judgment.

There is what purports to be another bill of exceptions in the record to the further remarks of the county attorney, but it is not approved by the judge. It will, therefore, not be considered.

One of the grounds of the motion for new trial alleges error on the part of the court refusing to continue the case. It is a sufficient reply to this to state that there was no exception reserved to this action of the court.

Among other things the court gave the following charge: "The gist of the offense in this case as charged is, that the parties had habitual carnal intercourse with each other; that such intercourse (if any) was habitual. A single act of intercourse would not be sufficient to warrant a conviction. The jury are to determine from all the facts in the case whether the intercourse (if any) was habitual, and unless you so find you will acquit the defendant." Then follows another charge to the effect that before the jury could convict appellant they must find that he had habitual carnal intercourse with his paramour. Exception was taken in the motion for new trial to the expression in the court's charge already quoted, to wit: "A single act of intercourse would not be sufficient to warrant a conviction." The theory upon which this exception was taken is that it may have left the impression upon the minds of the jury that two acts would be sufficient. We are of opinion that this exception has

no substantial merit. There was in fact but one direct act of intercourse shown. Very suspicious circumstances were in evidence tending strongly to show that another act was consummated. The great bulk of the testimony being to the effect that appellant for a long period of time visited the house of his paramour two or three times a week at night and was seen with her a great many times other than at night. Taking this view of the testimony it was rather a caution to the jury that they could not convict for the single act shown but it would require more evidence, or taken in connection in which the expression is used the jury was cautioned that this would not be sufficient; that the State must show habitual carnal intercourse. We are of the opinion that there is no merit in this contention.

It is further contended that the evidence is not sufficient. One witness testified directly to seeing the parties having carnal intercourse at night on the gallery. Another witness testified he was at the house of the paramour of appellant and knocked at one of the doors; that appellant's alleged paramour came to the door; that she was excited and flushed; gave evidence of nervousness and upon opening the door this witness discovered appellant lying on the bed on his face. There was a great abundance of evidence to show that appellant lived out of town two or three miles, and that the girl lived in town; that he would go to her house two or three times every week at night and sometimes would not leave until the next morning. He was often seen at the house as late as 11 o'clock sitting on the gallery with his alleged paramour. It seems further that she was moved from one house to another—that is, she had to change residences two or three times, the intimation being that it was on account of the conduct of herself and mother, and finally appellant seemed to be annoyed with this, bought a house and placed his alleged paramour and her mother in it, stating in effect, that he would like to see anybody move them now, or that he had a permanent residence for them from which they could not be driven. Without going into a detailed statement of the facts further, we are of opinion that they are sufficient to justify the jury in arriving at their verdict.

The judgment is affirmed.

*Affirmed.*

Ramsey, Judge, absent.
[Motion for rehearing denied.—Reporter.]