## Thurman Cannedy v. The State.

### No. 386.    Decided February 2, 1910.

**Fornication—Information—Fornication Without Living Together.**

Where in a prosecution for fornication the information charged unlawful and habitual carnal intercourse, but omitted the words "without living together," the same was insufficient. Following Jones v. State, 29 Texas Crim. App., 347.

Appeal from the County Court of Delta. Tried below before the Hon. C. C. Dunagan.

Appeal from a conviction of fornication; penalty, a fine of $50.

The opinion states the case.

*Lane & Ratliff,* for appellant.—On question of insufficiency of indictment: Jones v. State, 29 Texas Crim. App., 347.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Omitting formal parts, the information charges appellant, an unmarried man, did then and there unlawfully have habitual carnal intercourse with one Lena Cornwell, a woman, the said Lena Cornwell being then and there an unmarried woman, contrary to the form of the statute, etc.

Appellant moved to quash the information because it charged no offense, which motion was overruled. Article 357 of the Penal Code

thus defines this offense: "Fornication is the living together and carnal intercourse with each other, or habitual carnal intercourse with each other without living together, of a man and woman, both being unmarried." It will be noticed that the charging part of the information is not in accord with the statute. Fornication, under the statute, is constituted in one of two ways, either living together and having carnal intercourse with each other, or habitual intercourse without living together, of a man and woman, both being unmarried. It is requisite in order to charge an offense in the information or indictment for the pleader to follow the statutory definition of such offense, and set out its essential ingredients in the pleadings. This was not done in this instance, and, therefore, the information does not charge the offense defined by the statute. See Jones v. State, 29 Texas Crim. App., 347.

There are other questions in the case suggested for revision, but inasmuch as the information fails to charge the statutory offense the judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*