ERNEST HAFLEY v. THE STATE.

No. 5307.    Decided February 19, 1919.

**1.—Adultery—Complaint—Information—Habitual Intercourse.**

Where, upon trial of adultery by habitual intercourse, the complaint and information failed to allege that the parties were not living together, the same were insufficient. Following Cannedy v. State, 58 Texas Crim. Rep., 184.

**2.—Same—Sufficiency of the Evidence—Rule Stated.**

In adultery, from the very nature of the offense, direct proof can seldom be adduced, hence facts and circumstances are relevant from which guilt can be established beyond a reasonable doubt. Distinguishing Cordill v. State, 201 S. W. Rep., 181.

Appeal from the County Court of Hamilton. Tried below before the. Hon. Joe H. Eidson.

Appeal from a conviction of adultery; penalty, a fine of two hundred and twenty-five dollars.

The opinion states the case.

*H. E. Chesley,* for appellant.—On question of insufficiency of information: Mitten v. State, 24 Texas Crim. App., 346; Jones v. State, 29 id., 346; Edwards v. State, 10 id., 25.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant is convicted of adultery. This is a companion case to Yates v. State, No. 5308, this day decided. The

information contains the same vice as that referred to in Yates v. State, namely, it fails to allege that the parties were not living together, the absence of which allegation is fatal to the indictment.  See Cannedy v. State, 58 Texas Crim. Rep., 184.  Since the case must be reversed and dismissed because of the insufficiency of the indictment, we have not made a critical examination of the evidence.  We note the contention, however, that the case of Cordill v. State, 83 Texas Crim. Rep., 74, is conclusive against the State.  This, we think, is a misinterpretation of the effect of that decision.  In that case there was proof by competent and sufficient evidence of three acts of intercourse and the accomplice testified to five or six additional ones.  It was affirmatively shown, however, that these acts were all, and there was, therefore, no room for inference of habitual intercourse from other circumstances.  It is said in that case: "It is to be remembered, however, that in this class of cases it is generally necessary to depend, at least in part, upon circumstantial evidence to establish the offense.  And occasional acts of illicit intercourse are potent circumstances, when accompanied by other proof tending to show that the relation was habitual, and when so attended and lead to a conviction, it would be sustained although the number of actual acts proved is very limited or even proved alone by circumstances."  The rule stated by Mr. Wharton in his work on Crim. Ev., p. 1668, vol. 2, is as follows:  "In adultery, from the very nature of the offense, direct proof can seldom be adduced; hence, facts and circumstances are relevant from which guilt can be established, but this must be to a degree that will satisfy the jury beyond a reasonable doubt.  The circumstances that are common to the offense such as mutual disposition, opportunity, and, frequently, reputation for chastity in connection with testimony showing opportunity, are all relevant."

In Mabry v. State, 54 Texas Crim. Rep., 449, a charge on the subject in the following language was approved:  "The gist of the offense in this case as charged is, that the parties had habitual carnal intercourse with each other; that such intercourse (if any) was habitual.  A single act of intercourse would not be sufficient to warrant a conviction.  The jury are to determine from all the facts in the case whether the intercourse (if any) was habitual, and unless you so find you will acquit the defendant."

This much has been said in view of another trial.  Because of the insufficiency of the indictment the judgment is reversed and the cause dismissed.

                                        *Reversed and dismissed.*