### INEZ DOWDY YATES v. THE STATE.

#### No. 5308.   Decided February 19, 1919.

**1.—Adultery—Habitual Intercourse—Information.**

Where, upon trial of adultery by habitual carnal intercourse, the complaint and information failed to allege that the same was without living together, the same was insufficient.   Following Cannedy v. State, 58 Texas Crim. Rep., 184, and 'other cases.

**2.—Same—Habitual Intercourse—Rule Stated.**

While it has been held that a specific number of instances of carnal inter-course does not constitute habitual intercourse, yet it has also been held that one act of carnal intercourse corroborated by sufficient other facts will justify a conviction.   Following Mabry v. State, 54 Texas Crim. Rep., 449.   Dis-tinguishing Cordill v. State, 201 S. W. Rep., 181.

Appeal from the County Court of Hamilton.   Tried below before the Hon. Joe H. Eidson.

Appeal from a conviction of adultery; penalty, a fine of two hundred dollars.

The opinion states the case.

*H. E. Chesley*, for appellant.—On question of insufficiency of the in-formation:   Mitten v. State, 24 Texas Crim. App., 346; Jones v. State, 29 Texas Crim. App., 346; Edwards v. State, 10 Texas Crim. App., 25.

*E. A. Berry*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—In this case the appellant was ·convicted in the County Court of Hamilton County for the offense of adultery and her punishment fixed at a fine of $200.

Appellant contends before this court that the evidence is not sufficient to sustain the verdict, and cites the case of Cordill v. State, 83 Texas Crim. Rep., 74, as authority for that contention.   We think appellant mis-conceives the effect of the holding in the Cordill case, which merely held that a specific number of instances in evidence, as in that case, did not constitute habitual carnal intercourse, but in the opinion the court plainly states, as follows: · "Where the State relies alone upon proof of specific instances of a limited number of acts of this character, and where the evidence excludes the idea that there were other acts, and where there are no attending circumstances upon which to found the inference that the intercourse was habitual, the proof is not sufficient." It will be observed from this quotation from the opinion of the court in the case cited that there is nothing there applicable to the contention nor to the facts of the instant case.   This court has held that one act of intercourse corroborated by sufficient other facts would justify a con-viction. Mabry v. State, 54 Texas Crim. Rep., 449.

This case must be reversed because of the insufficiency of the com-plaint and information.   An inspection of same as they appear in the

record discloses no allegation of the fact that the habitual carnal intercourse was "without living together." This is the plain statutory statement and requirement, and its omission has been held fatal in every prosecution of which we are aware where the question has been before this court, whether raised in the court below or here for the first time. It is no new doctrine in this court that matters that are of substance in indictments or complaints may be availed of even in this court for the first time.

In Hatch v. State, 76 Texas Crim. Rep., 423, Judge Prendergast, in a misdemeanor case, held that "If the pleading was fatally defective in the particulars mentioned, or in any other material point, advantage could be taken of it, even on motion for a rehearing."

As to the necessity for the allegation in the State's pleading that the habitual carnal intercourse "was without living together," see Cannedy v. State, 58 Texas Crim. Rep., 184; Jones v. State, 29 Texas Crim. App., 346; Mitten v. State, 24 Texas Crim. App., 346; P. C., art. 490.

Because of the insufficiency of the State's pleadings the judgment of the lower court is reversed and the case dismissed.

*Reversed and dismissed.*