PEARCE KEATON v. THE STATE.

No. 1754. Decided January 25, 1899.

**1. Jury Law—Qualification of Juror—Formed Opinion—Construction of Statute.**

Article 673, Code of Criminal Procedure, subdivision 13, with regard to testing the qualifications of jurors as to formed opinion of the guilt or innocence of a defendant, seems to measure the extent of the investigation by the sources from which the juror may have formed his opinion; and there is a distinction between the formation of an opinion from hearsay and an opinion derived from original sources. Where the opinion is derived from hearsay, the court may, in the exercise of its discretion, hold the juror competent. If the opinion is formed from original sources, that is, from the statements of witnesses in the case, the juror is incompetent and disqualified.

**2. Same.**

A juror who has formed his opinion from having talked with witnesses in the case is disqualified and incompetent. Such opinion is not formed from hearsay.

**3. Same—Peremptory Challenges—Practice.**

Where a challenge for cause, that the juror has talked to witnesses, was overruled, and defendant was compelled to use a peremptory challenge to rid himself of such disqualified juror, and, after exhausting his peremptory challenges, jurors who had formed opinions from hearsay were sought to be challenged by him peremptorily, but the same were refused by the court, Held, the improper ruling of the court as to the juror who was disqualified for cause, deprived defendant of a peremptory challenge which he could and was entitled to exercise as to one of the subsequent objectionable jurors, and constituted reversible error.

APPEAL from the District Court of Coleman. Tried below before Hon. J. O. WOODWARD.

Appeal from a conviction for robbery; penalty, nine years imprisonment in the penitentiary.

There is no statement of facts in the record, and the opinion sufficiently states the matters pertaining to the questions discussed.

*Jenkins & McCartney,* for appellant.—The court erred in overruling the challenge for cause of the juror Willis Green, who stated that he had talked with the sheriff and two deputies who were witnesses in this case; that he had formed an opinion as to the guilt or innocence of the defendant, of the correctness of which he had no doubt.

Where a juror has an established opinion, formed from having talked with a witness in the case, and he is challenged for cause by the defendant and such challenge for cause is overruled, and he is then peremptorily challenged, and the defendant afterwards exhausts his peremptory challenges, and there is thereafter forced upon him an objectionable juror. it is reversible error.

Green was first challenged for cause, which being overruled, he was then peremptorily challenged by appellant, and thereafter three objectionable jurors, viz., Dibrell, Roby, and Garnett, were forced upon appellant.    Trotter v. State, 37 Texas Crim. Rep., 468; Shannon v. State, 34 Texas Crim. Rep., 5; Erwin v. State, 29 Ohio, 182.

In Post v. State, 10 Texas Criminal Appeals, 581, the court says: "If a juror had read what purported to be a correct account of the transaction the opinion would more likely be definitely settled and established." We submit that if the juror had heard what purported to be a correct account of the transaction, it would be the same as if he had read it. In the case at bar all of the jurors objected to said that their opinions were based in part on newspaper reports.    All stated that they heard what they believed to be a true statement of the facts and circumstances of the case.

In Myres' Case the court said, "The investigation does not free the question from doubt," and held that the defendant should be entitled to the benefit of the doubt.

In Black's Case Chief Justice Roberts said: "He [the juror] must have placed reliance in the report of the evidence which he read in order for him to have formed an opinion at all, and the fact that, as he says himself, it would require other and different evidence to change that opinion, shows, or at least renders it probable, that it was with some considerable attention to and consideration of the facts that he formed his conclusion."

In the case at bar we are not left to conjecture that the jurors must have placed reliance in the reports of the facts of the case that they had heard and read.    They themselves said that they considered them "reliable;" that they believed them to be "true."    Green, himself a deputy sheriff, had talked with the sheriff and two of his deputies, witnesses in the case.

We think no better test, in the abstract, has ever been laid down than that stated by Justice Davidson in Suit's Case, 30 Texas Criminal Appeals, 319: "The ultimatum of the matter is, can the juror give a fair and impartial verdict in the case upon the law? If the opinion is slight, such as would readily yield to evidence, or hypothetical, and the juror recognizes the fact that hearsay and rumor are often misleading, and if he have no firm belief as to the truth or falsity of what he has heard, it may reasonably be presumed that such opinion would not prevent the juror from giving a fair and impartial verdict upon the law and the facts.    But if his opinion be formed upon what he believes to be a true statement of the facts of the case (People v. Mahoney, 18 California,

180), and such an opinion be firm, clear, fixed, or established, and as to the guilt or innocence of the defendant, it follows as a legal and necessary consequence that the juror can not render such a verdict." "The law suspects him, and certainly not without reason." 1 Burr's Trials, p. 417. "The incompetency of the juror follows as a legal and necessary consequence." Coughlin v. People, L. R. A. Book 19, p. 71. "When the opinion is formed upon what purports to be the facts of the case, from a source believed by him to be reasonably authentic, it can hardly be said that the juror is impartial." Black v. State, 42 Texas, 483. "The statement of the juror in the first instance as to whether or not he has formed an opinion is entitled to great weight. But the strength of the opinion being shown, his opinion that he will not be influenced thereby is entitled to but little consideration." People v. Gehr, 8 Cal., 352; Rothschild v. State, 7 Texas Crim. App., 544; Black v. State, 42 Texas; 1 Bish. New C. P., p. 536.

It is the mind of the court and not of the juror that must be satisfied, and "if the court in its discretion is not satisfied that he is impartial, the juror shall be discharged." Wills. C. C. P., art. 636, subdiv. 13; Dreyer v. State, 11 Texas Crim. App., 641; Martin v. State, 1 Kan., 458; Cooper v. State, 16 Ohio St., 328-332; People v. Ward, 29 Colo., 135. The discretion of the court is not arbitrary. Pierson v. State, 18 Texas Crim. App., 559.

In the case at bar the opinions of the jurors, except Green, were formed from hearsay and newspaper reports. But this is just the source that disqualifies under article 636, subdivision 13, if it be of such strength as to prevent the juror being impartial. The source of the opinion is immaterial except as it tends to illustrate its strength. Rothschild v. State, 7 Texas Crim. App., 546. Where a juror has heard what purports to be the facts of the case, the strength of his opinion will depend upon the credence that he gives to the report. In this case all of the jurors believed the reports that they had heard to be true.

Th leading case for the State upon the competency of jurors is Suit v. State, 30 Texas Criminal Appeals, 319. In that case the juror said: "I have an opinion as to the guilt or innocence of the defendant; I don't think that it would influence me in finding a verdict; it would require evidence to remove it." This is all that the record discloses tending to disqualify the juryman. The juror does not disclose the facts that influenced him in forming his opinion. He does not state that he had heard what purported to be the facts of the case, though it is to be inferred that he had heard some of them. Whether or not he believed what he had heard to be true, or whether his opinion was a merely hypothetical one, or admitting the truth of what he had heard, whether or not it was sufficient to base a decided opinion upon, does not appear from the record in the Suit Case. An opinion, to disqualify a juror, should be founded on what he supposes to be facts. Guitig v. State (Ind.), 32 Am. Rep., 104.

But in the case at bar it does not appear from the bill of exceptions

that the jurors objected to "had heard what purported to be the facts and circumstances of the attempted train robbery, for which the defendant was on trial herein," and the facts and circumstances connecting the defendant therewith, i. e., the facts and circumstances following said robbery and leading to the arrest of the defendant. Garrett had heard "that defendant had been trailed from the junction to the place of arrest." Their opinions were not merely hypothetical. They believed what they heard to be true. Theirs were abiding opinions. They said they would take them into the jury box with them. They were established opinions. They "had no doubt as to the correctness of said opinions." Garrett had "a firm belief as to the guilt or innocence of the defendant." Their opinions were such as would throw the burden of proof upon the defendant to change it. It "would remain the same throughout the trial, unless evidence was introduced to show that what they had heard about the case was not true."

Suit v. State is cited and approved in Adams v. State, 35 Texas Criminal Reports, 285. The only disqualification referred to in that case was an opinion in the case from rumor and hearsay. We do not contend that the mere fact of an opinion formed from rumor and hearsay necessarily disqualifies a juror. There are opinions and opinions. What a juror calls an opinion may upon full examination appear to be no more than an impression; it may be purely hypothetical, which all the authorities hold does not disqualify; it may be so slight as to have no influence either in receiving or weighing evidence. Such opinions of course do not disqualify; but what we do say is, that if an opinion which may be said to be established, fixed, firm, or strong has been formed from any source it disqualifies the juror. And such an opinion is conclusively shown whenever it appears that the juror has heard what purported to be the facts of the case and believes what he has heard to be true, and from this has formed an opinion. Trotter v. State, 37 Texas Criminal Reports, 468, also cites Suit's Case. Upon the face of it, this case appears to go too far. However, the bill of exceptions which was before the court, for aught that appears in the opinion, may have failed to show that the juror had heard what purported to be the facts and circumstances in the case, or that he relied on what he had heard, or that his opinion was of a firm, fixed, or established character; if so, the opinion was right in that case. But if the opinion means to unconditionally hold that a juror is qualified simply because he says that he is, and could render a fair and impartial verdict according to the law and the evidence, it is against the weight of reason and authority, and ought not to be adhered to. A statute making this the sole test of a juror's qualification would be unconstitutional. Stokes v. People (N. Y.), 13 Am. Rep., 496; Enson v. State, 6 Baxt. (Tenn.), 466; Coughlin v. People (Ill.), L. R. A., Book 19, p. 72.

Even under the rule laid down in the Loggins Case the appellant is entitled to have this case reversed. It is there held that the defendant should stand upon his challenge for cause, and if the grounds for chal-

lenge were sufficient, and he exhausted his peremptory challenges and had forced upon him the challenged juror, it would be error.   12 Texas Crim. App., 81-85.   In this case the appellant stood upon his challenges for cause as to the jurors Smith, Hill, Griffin, and Tatum.   He exhausted his peremptory challenges, and not only the said four jurors sat upon his case, but there was thereafter forced upon him three objectionable jurors, to wit, Dibrell, Roby, and Garnett, each of whom appellant challenged for cause, and thereafter challenged peremptorily, which challenges were by the court overruled.

*Sims & Snodgrass* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of robbery, and his punishment assessed at imprisonment in the penitentiary for a term of nine years, and he prosecutes this appeal.

There is no statement of facts in the record, and appellant relies solely for a reversal of this case on alleged errors in the impanelment of the jury.   It appears that W. R. Sewell, Willis Green, J. P. Smith, G. W. Hill, J. B. Johnson, John Clifford, Mac Griffin, and Joe Tatum were all members of the regular jury for the week, constituting a part of the panel for the trial of defendant.   In testing the qualifications of said jurors on their voir dire, each of them stated that he had heard what purported to be the facts of the case on trial, and each stated he had formed an opinion as to the guilt or innocence of defendant, and that it would require evidence to change such opinion; that, if selected on the jury, they would take such opinion into the jury box; and that it would remain with them, in the absence of evidence to remove it.   All of said jurors, with the exception of the juror Willis Green, stated that they had never talked with any witness in the case, and that their opinions were formed from hearsay,—from what they had heard and read, that such opinion would not influence them in the slightest degree in rendering a verdict, and that they could render a verdict solely on the evidence given on the trial.   As to the juror Willis Green, he stated that he was a deputy sheriff, and that he had formed his opinion from having talked with the sheriff, J. T. Sanders, and his deputies, Thad Knox and Ben Clark, who were witnesses in the case.   He stated, however, that the opinion he had formed would not influence him in rendering the verdict in the case, and that he would be governed solely by the evidence given on the stand by the witnesses, and the charge of the court.   The bills of exception, in addition to the foregoing, show that appellant further proposed to test the jurors by asking them the following question:   "Is it not a fact that you now believe, without any doubt in your mind, that the defendant is guilty as herein charged, and ought to be convicted?"   Appellant expected to prove by each of said jurors that he had formed an opinion that the defendant was guilty.   An objection to this question was sustained by the court.   The bill shows that the court held all these

jurors qualified, and overruled appellant's challenge for cause to each of them. Defendant peremptorily challenged W. R. Sewell, Willis Green, and J. B. Johnson; but there was left on the list of said jurors, unchallenged, J. P. Smith, G. W. Hill, Mac Griffin, and Joe Tatum, who were sworn as jurors, and sat on the trial of said case. After the regular panel was exhausted, and only six jurors obtained, a number of talesmen, under the order of the court, were brought in, to be examined as jurors. Among them were J. C. Dibrell, W. J. Roby, and W. O. Garrett. They were examined on their voir dire as to their qualifications, and each stated that he had formed an opinion as to the guilt or innocence of defendant; that the opinion was formed from hearsay, on what purported to be the facts and circumstances of the attempted robbery of the express car, for which the defendant was being tried; that they had such opinion now; that it would require evidence to change the opinion so formed, but that they could give the defendant a fair and impartial trial, upon the law and evidence, without being at all influenced by the opinion which they had formed; that they had not talked with any witness in the case; that the opinion formed was from hearsay, and from reading accounts in the newspapers. Appellant also proposed to further test these jurors by asking them the same question heretofore stated with reference to the other jurors, as to the character of opinion formed; that is, it was proposed to show that they had formed an opinion that the defendant was guilty and ought to be punished. This, on objection, was not permitted by the court. Each of said jurors was challenged for cause, which was overruled by the court. Appellant then insisted on challenging them peremptorily, but the court held that, including the jurors Sewell, Green, Johnson, and Clifford, heretofore challenged by defendant, he had already exhausted his ten peremptory challenges, and refused to permit him to exercise any other challenge; and said Dibrell, Roby, and Garrett, against the consent of appellant, were taken, and served on said jury. We have given in a condensed form the substance of the two bills of exception reserved by appellant on the impanelment of the jury, in order to properly present the questions raised on this subject.

A construction of subdivision 13 of article 673 of the Revised Code of Criminal Procedure has been made by this court a number of times,— notably, in the cases of Suit v. State, 30 Texas Criminal Appeals, 319; Shannon v. State, 34 Texas Criminal Reports, 6; Obenchain v. State, 35 Texas Criminal Reports, 490. And the construction which appears to have been given this subdivision of article 673 is to the effect that if the juror has formed an opinion, but he indicates by his answer that it will not influence him in finding a verdict, he may be further examined by the court, or under its sanction, as to how his conclusion was formed, and the extent to which it will affect his action; and if it appears to have been formed from reading newspaper accounts, communications, statements, or reports, or from mere rumor or hearsay, and if the juror states on oath that he feels able, notwithstanding such opinion, to render an

impartial verdict under the law and the evidence, the court, if satisfied that he is impartial and will render such verdict, may, in its discretion, admit him as competent to serve in such case; but if the court, in its discretion, is not satisfied that he is impartial, he shall be discharged. This is in accord with the plain, literal reading of the statute. The provision in question seems to measure the extent of the investigation by the sources from which the juror may have formed his opinion; and the decisions draw a distinction between the formation of an opinion from mere hearsay, and an opinion derived from original sources, holding in the former case that the court may rightfully exercise its discretion.

From the bills of exception, it appears that all of the jurors, except Willis Green, are shown to have formed opinions as to the guilt or innocence of appellant at second hand; that is, from rumor or reading newspaper accounts of the same. The juror Green, however, is shown to have formed his opinion from having talked with the witnesses in the case. He was himself a deputy sheriff, and formed his opinion from having talked with the sheriff and two other deputies. We take it from this that he formed his opinion from original sources, and not from hearsay. True, he did not sit in the case, but appellant was compelled to exhaust a peremptory challenge on him. We hold that he was disqualified to sit as a juror in the case, and that the court erred in holding him qualified, and that by the court's action appellant was deprived of one of his peremptory challenges. He exhausted his peremptory challenges, and, as appears from the record, three other jurors, who had formed opinions as to the guilt or innocence of defendant, but who stated that such opinions were formed from hearsay, and that they could try the accused fairly and impartially notwithstanding such opinions, over his objections were pronounced qualified jurors by the court, and tendered to defendant. He proposed to use his peremptory challenges as to these, but the court held that he had already exhausted his challenges, and that he was not entitled to such challenge as to either of said jurors. We are aware that it has been held in a number of cases, and seems to be the established rule in this State, that, although the court may err in holding a juror qualified who is not, yet, if appellant is tendered a fair and impartial jury, he can not complain, although he may have been deprived of a challenge by the improper action of the court. Without discussing the grounds upon which those decisions may have been based, we would observe, as to this case, that manifestly the juror Green was disqualified, and the court should have so held. If such had been the holding of the court, then, when the three last jurors, to wit, Dibrell, Roby, and Garrett, were presented to defendant as qualified jurors, though each admitted that he had formed an opinion as to the guilt or innocence of appellant, appellant could have exercised one challenge as to them, and so have rid himself of the most obnoxious of the three; but he was deprived of this by the action of the court. As presented, appellant was compelled to take three obnoxious jurors, each of

whom had formed an opinion as to his guilt, or innocence; and concede that the court did not abuse its discretion in holding them competent, yet by its former improper action it deprived appellant of his right to exercise a challenge as to any one of them. We believe that the action of the court in holding the juror Green qualified was error. And in this case, where a majority of the jurors admitted that they had formed opinions as to the guilt or innocence of appellant, we can not say that, in the result, appellant had an absolutely fair and impartial jury to try his case; but we are of opinion that the action of the court in depriving him of a challenge was, under the circumstances, hurtful to him. For the error of the court above discussed, in the impanelment of the jury, the judgment is reversed and the cause remanded.

*Reversed and remanded.*