ANDRES LONGORIA v. THE STATE.

No. 4191.   Decided October 18, 1916.

**1.—Theft of Cattle—Evidence—Declarations by Defendant—Bill of Exceptions.**

Where, upon trial of theft of cattle, the defendant testified that he purchased the same, there was no error to permit the State, in rebuttal, to show that when defendant was first charged with the theft of said cattle, he said that the same did not belong to him, but were the property of his brother; the only objection being that he was afraid not to make a statement, and because this was not a confession; besides, it appeared from the record that defendant was not under arrest when he made such statement.

**2.—Same—Other Transactions—Withdrawal of Testimony.**

Upon trial of theft of cattle, there was no error in permitting the State to show that defendant was in possession of other stolen cattle at the time he sold those described in the indictment. However, as the State did not follow up this matter, and the court withdrew said testimony, there was no reversible error.

**3.—Same—Election by State—Different Counts—General Verdict.**

Where the indictment charged in one count the theft of cattle, and in another count receiving the same, etc., there was no error in refusing to require the State to elect upon which count it would prosecute, nor in submitting both counts, and a general verdict of guilty could be applied to either count. Following Rosson v. State, 37 Texas Crim. Rep., 87.

Appeal from the District Court of Brooks.   Tried below before the Hon. V. W. Taylor.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. W. Wilson* and *Pope & Sutherland,* for appellant.—On question of declaration of defendant: Warren v. State, 29 Texas, 370; Nolen v. State, 14 Texas Crim. App., 474; Bronson v. State, 127 S. W. Rep., 175; Brown v. State, 55 Texas Crim. Rep., 572; Collins v. State, 123 S. W. Rep., 582.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was convicted of cattle theft and his punishment assessed at two years confinement in the State penitentiary.

Appellant has several bills of exception in the record, but he files a brief presenting but one question, in which he contends that a statement was admitted in evidence made by appellant while he was under arrest. Appellant presents this question in his brief as though the bill of exceptions evidenced such fact. Appellant on the trial testified to a purchase of the cattle which he was charged with stealing. The State in rebuttal of this evidence offered in evidence a statement made by appellant when first charged with the offense, in which he said the cattle did not belong to him but were the property of his brother, Tristian Longoria, and that he had sold them for his brother. In the bill of exceptions it is shown the only objection to the introduction of this evidence was "that defendant had testified he had been required to make a statement, and he was afraid not to make a statement, and also because it was not a confession, and was being used for that purpose." These are all the objections urged, and certainly it does not appear that he was then under arrest. If he was "afraid not to make a statement and had been required to do so" when not under arrest, this would go to the weight to be given the testimnoy and not to its admissibility. There is no suggestion or statement in the bill that he was then under arrest. If it was not a confession, as he contended in his objection, then there would be no error in admitting it. The only objections we can consider are those made in the trial court, and there was no error in overruling the objections made at the time of the introduction of this testimony. Other objections which might or could have been urged come too late after verdict.

Two other bills present the question that it was improper to permit the district attorney to ask appellant on cross-examination, after he had testified to a purchase of the cattle which he was charged with stealing in this indictment, if he was not at the time of the sale in possession of other stolen cattle on which the brand had been changed from VI to JW. He answered no. When the State did not follow this up and show that he was in possession of such other cattle, the

court withdrew the testimony and instructed the jury not to consider it. If it could have been shown that he was in possession of other stolen cattle at the time he sold the cattle he is charged in this indictment with stealing, it was permissible to do so, after he had testified to a purchase of the cattle in this case. As the court withdrew the testimony, in no event would the bills present error.

In one count in the indictment appellant was charged with the theft of the cattle, and in another count with receiving stolen property knowing it was stolen. There was no error in refusing to require the State to elect upon which count it would prosecute, nor in submitting both counts to the jury. A general verdict of guilty could be applied to either count. Rosson v. State, 37 Texas Crim. Rep., 87.

The judgment is affirmed.

*Affirmed.*