### Will Collins v. The State.

#### No. 5160.   Decided November 13, 1918.

**Theft of Automobile—Jury and Jury Law—Challenge for Cause.**

Where, upon trial of theft of an automobile, two of the jurors answered their voir dire that they had an opinion as to the guilt or innocence of defendant, and the record shows that the jurors had each been talked to about the case by the prosecuting witness, whose property was alleged to been stolen, and there was no suggestion that they reached their con-

clusions from any other source, the cause for challenge should have been sustained, and it appearing from the record that defendant exhausted his peremptory challenges and that objectionable jurors were forced upon him, the same was reversible error. Following Quinn v. State, 51 Texas Crim. Rep., 155, and other cases.

Appeal from the District Court of Cottle. Tried below before the Hon. J. H. Milam.

Appeal from a conviction of the theft of an automobile over the value of fifty dollars; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Arrington & Bell,* for appellant.—Cited Stealgald v. State, 22 Texas Crim. App., 464; Long v. State, 59 Texas Crim. Rep., 103.

*E. B. Hendricks,* Assistant Attorney General, for the State

MORROW, JUDGE.—Appellant was convicted of the theft of an automobile and his punishment assessed at two years confinement in the State penitentiary.

Before the jury was selected two of the jurors on their voir dire were asked the following questions: "Have you now in your mind an opinion as to the guilt or innocence of the defendant?" To which they gave an affirmative answer, and were then asked: "Is that opinion such as might influence you in arriving at a verdict should you be selected as a juror to try this cause?" To which they answered that they did not know. Replying to further questions they each stated that the opinion that they had in their minds at the time was unfavorable to the defendant and that it would require evidence to remove it. The court then asked the jurors: "If selected as jurors to try this cause, can you lay aside the opinion you now have as to the guilt or innocence of the defendant and try this cause solely upon the evidence introduced upon this trial under ruling of the court, and be governed by the law given you in charge by the court?" To which they each gave an affirmative answer. The jurors were challenged for cause; the challenge overruled. The appellant exhausted his remaining peremptory challenges in disposing of them and the bill says that he was compelled to and did accept other jurors, naming them, who were objectionable, stating the reasons. It further appears from the bill that each of the jurors challenged for cause had talked to the person who was named in the indictment as the owner of the automobile who testified in the case and was the prosecuting witness. They had heard him talk of the facts of the case, but as stated in the explanation, not the details.

Subdivision 13 of article 692, C. C. P., declares that one having formed from hearsay or otherwise in his mind such a conclusion as to the guilt or innocence of the defendant as will influence his action in finding a verdict is disqualified. The statute further says: "For the purpose of ascertaining whether this cause of challenge exists, the juror

shall first be asked whether, in his opinion, the conclusions so established will influence his verdict. If he answers in the affirmative, he shall be discharged; if he answers in the negative, he shall be further examined by the court, or under his direction, as to how his conclusion was formed, and the extent to which it will affect his action." This statute has been, in substance, as stated above for many years. It was amended in 1885 and again in 1903 and 1905. The amendments add to the statute the following: "If it appears to have been formed from reading newspaper accounts, communications, statements or reports or mere rumor or hearsay, and, if the juror states on oath that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence the court, if satisfied that he is impartial, and will render such verdict, may, in its discretion, admit him as competent to serve in such case." This statute as construed by the decisions of this court makes a distinction between the conclusions which are formed by the jurors upon information received from witnesses and those which are formed upon rumors or information received from hearsay. Keaton v. State, 40 Texas Crim. Rep., 139; Trotter v. State, 37 Texas Crim. Rep., 468. It is said by Mr. Branch in his Ann. P. C., p. 285: "A juror who has formed an opinion as to the guilt or innocence of the defendant from talking with one or more of the material witnesses in the case is subject to challenge for cause although the juror states that such opinion will not influence his verdict." Citing cases above quoted. Also Ward v. State, 19 Texas Crim. App., 664; Quinn v. State, 51 Texas Crim. Rep., 155. See also Slack v. State, 67 Texas Crim. Rep., 460, 149 S. W. Rep., 107.

While the bill is not clear upon the subject, as it should be, it does show that the jurors had each been talked to about the case by Welsh, the prosecuting witness, the man whose property was charged to have been stolen. There is no suggestion that they reached the conclusion they had formed from any other source and we think from a fair interpretation of the bill, it appears that the witness mentioned was the source of the information or knowledge upon which they based their conclusion unfavorable to the appellant. We think that the ruling which overruled appellant's challenge of the jurors who had formed this opinion for cause resulting in the necessity of his exhausting his remaining peremptory challenges upon them and having forced upon him objectionable jurors was a transgression of the law entitling the accused to a trial by an impartial jury, which renders it necessary to order a reversal of the judgment, which is accordingly done.

*Reversed and remanded.*