## D. N. NANTZ v. THE STATE.

### No. 7336.   Decided February 7, 1923.

### Rehearing granted April 25, 1923.

**1.—Manufacturing Intoxicating Liquor—Continuance.**

Where defendant made application for a continuance to procure the attendance of his wife as a witness for the defense, and the diligence used was doubtful, and beside said testimony would in no way contravene or render improbable the testimony of the State's witness, or defeat the truth of the proposition that on the alleged date defendant manufactured intoxicating liquor, there was no error in overruling the application.

**2.—Same—Continuance—Discretion of Court.**

In the absence of abuse of discretion in the matter of the refusal of the motion for a new trial because of the rejection of the application for a continuance of a witness in Florida, on account of the extreme improbability of securing the attendance of the witness, or of obtaining his deposition or that the witness would depose and swear as alleged in the application, there is no reversible error.

**3.—Same—Suspended Sentence—Age of Defendant.**

As the instant offense of manufacturing intoxicating liquor had occurred subsequent to the passage of the law depriving those more than twenty-five years of age of the benefit of suspended sentence, and defendant was over that age, there was no error in the trial court to refuse to submit such question to the jury.

**4.—Same—Charge of Court—Equipment for Manufacturing Liquor.**

Where the State did not rely upon the fact of defendant's possession of equipment for the manufacture of liquor save as in corroboration of accomplice's testimony, there was no error in refusing defendant's requested charge that the jury could not convict him in the instant case upon proof of such possession.

**5.—Same—Indictment—Manufacturing Liquor.**

Where the indictment sufficiently charged a violation of the law of unlawfully manufacturing intoxicating liquor capable of producing intoxication, the same was sufficient.

**6.—Same—Accomplice—Corroboration.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the accomplice's testimony was sufficiently corroborated under a proper charge of the court, there is no reversible error.

**7.—Same—Rehearing—Jury and Jury Law—Impartial Jury—Rule Stated.**

By the terms of the statute the trial court is given discretion to receive a juror who has formed an opinion from rumors or newspaper reports, etc., the discretion, however, is not given to force the accused to accept a juror who has formed an opinion from the knowledge of the facts, etc.  Following Quinn v. State, 51 Texas Crim. Rep., 156, and other cases.

8.—Same—Impartial Jury—Rule Stated—Opinion of Juror.

Where it appeared from the record that the defendant and still were brought into the town named and were together observed by at least one of the jurors, and that both of the jurors objected to, had had the purported facts in the case detailed to them by persons who were either witnesses or who had been in close touch with the witnesses, and had each formed an opinion thereon as to the guilt or innocence of defendant, they were not impartial jurors, and should have been excused, and a refusal to grant a new trial is reversible error.

Appeal from the District Court of Palo Pinto. Tried below before the Hon. J. B. Keith.

Appeal from a conviction of the unlawful manufacture of intoxicating liquor, penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Moyers & Creighton, Ritchie & Ranspot,* for appellant.—On question of impartial jurors, Collins v. State, 206 S. W. Rep., 688; Keaton v. State, 40 Texas Crim. Rep., 145, and cases cited in the opinion.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited Mays v. State, 50 Tex. Crim. Rep., 170; Gallan v. State, 76 id., 619; Wyres v. State, 74 id., 61; Sanchez v. State, 90 id., 518.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Palo Pinto County of manufacturing intoxicating liquor, and his punishment fixed at two years in the penitentiary.

Appellant complains of the refusal of a continuance. The attendance of the wife of appellant was desired as a witness for the defense. The diligence shown is doubtful. The indictment was returned April 13, 1922. A subpoena was issued for said witness April 20, 1922. It had not been returned when the application for continuance was made. It is stated that upon reliable information appellant alleges service of said subpoena April 24, 1922, but owing to same not having been returned, the subpoena is not attached to the application. It is averred that the witness is ill and unable to attend court, and a certificate of a physician is attached the substance of which is that the physician made a professional call on Mrs. Dan Nanec on April 24th and that she was suffering from a hemorrhage which would render it unsafe for her to take the trip to Palo Pinto town. This certificate does not state sufficient facts to enable the trial judge to appraise the soundness of the statement. There may be hemorrhages from the nose or from any injury which causes a flow of blood.

In passing on the motion for new trial, based in part on the refusal of the continuance, the question of the materiality of the testimony of the absent witness and the likelihood of the lack of such

testimony affecting the verdict of the jury, would arise. It is stated in the application for continuance that appellant expected to prove by his wife that for two weeks next preceding the date of the commission of the alleged offense the appellant was not away from his home; also that upon the date alleged in the indictment, or the day before, the wife requested appellant to procure some whisky for her and he left home at her request with the intention of procuring the whisky. The indictment charges the manufacture of intoxicating liquor on December 30, 1921. The State's theory as made by its evidence is that on the 29th of December appellant and one Sumerall went to a point in Palo Pinto County where a still was located, for the purpose of manufacturing whisky, and that he was engaged in such manufacture on the 30th of December at a time when certain officers made a raid upon said still and found him apparently engaged in such manufacture. The State witness Sumerall testified that on December 29th appellant came by where he was and engaged him to go and make whisky, and that the two of them went together to a certain place in a canyon or hollow and there found a still apparently ready for operation, that is, there was mash there and the apparatus necessary for the conversion of same into liquor. Said witness swore that he and appellant built a fire under the boiler and put part of said mash in the boiler, and that they then made a run of liquor which he called singlings. He testified that singlings was intoxicating liquor, but that they intended to double it back and run it a second time in order to make it better. Two officers testified that on December 30th they raided the still in Soda Springs Hollow, and there found intoxicating liquor in process of manufacture, and that appellant was tasting the contents dripping from the worm of the still, at the time said officers made their appearance. They said there were no other persons around said still except appellant and Sumerall.

As far as we can understand this record the testimony stated to be that desired from appellant's wife, in no way contravenes or renders improbable the testimony of the witness Sumerall; nor does the testimony of the absent wife defeat the truth of the proposition that on December 30th appellant was engaged in the manufacture of intoxicating liquor.

That a man named Baker, for whom no subpoena had been issued but whose testimony was stated in the application as desired by appellant, may have also been present and concerned in the manufacture of the intoxicating liquor in question, would not so overcome the State's testimony as to make this conviction contrary to or unsupported by the evidence. That Baker may have been concerned in the manufacture of the liquor, and may have assembled the paraphernalia, or may have prepared the mash, or have done or been concerned in doing other things preparatory or incident to the manufacture of such liquor, would not overthrow the State's case, but the likelihood

of obtaining the deposition of Baker, who is stated in the application to be in Florida, or that Baker would depose and swear that he and not appellant was engaged in the manufacture of liquor at said time and place, would appear to be of extreme improbability to us. We would not think the trial court to have abused his discretion in the matter of the refusal of the motion for new trial because of the rejection of the application for continuance, under the facts stated in this record.

Appellant was nearly fifty years of age, and this offense having occurred subsequent to the passage of the law depriving those more than twenty-five years of age of the benefit of suspended sentence when charged with a violation of the liquor law, it was not error for the trial court to refuse to submit to the jury the issue of suspended sentence. This has been decided adversely to appellant a number of times.

Appellant asked that the jury be told that they could not convict him of the charge laid in the instant case upon proof of his possession of equipment for the making of intoxicating liquor. A charge such as this, under the facts in the instant case, was not called for. The accomplice witness testified for the State that he and appellant manufactured singlings. Witnesses who tasted and examined the singlings testified that it was intoxicating. The State did not rely, therefore, upon the fact of appellant's possession of equipment for the manufacture of liquor, save in so far as it was circumstance corroborative of the testimony of the accomplice.

We think the indictment sufficiently charged a violation of the law. The offense was described therein as the unlawful manufacture of liquor capable of producing intoxication.

The trial court instructed the jury that the witness Sumerall was an accomplice and that a conviction could not be had upon his testimony unless corroborated by other evidence. In our opinion the testimony of other witnesses amply corroborated that of Mr. Sumerall.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

April 25, 1923.

MORROW, Presiding Judge.—Appellant, in his motion for rehearing, directs attention to the fact that certain bills of exceptions relating to the action of the court in forcing him to try his case before certain jurors were not discussed. The still with which the State claims the liquor in question was manufactured by the appellant was pointed out to the juror and examined by him. A num-

ber of persons told him the purported facts and the appellant's connection therewith. The juror was unable to state whether the persons to whom he had talked were witnesses or not. He said that he had not talked to the sheriff or city marshal but these were not all the witnesses used by the State. One of the jurors testified that the facts in the case had been detailed to him by one who frequented the marshal's office, and that they had been detailed by other persons whose names he could not recall, but he was not able to state with certainty that he had not talked to the sheriff and the city marshal who were witnesses against the accused.

The object of our statute (Art. 692, Penal Code) touching the qualification of jurors, is to foster the purity of a trial by jury. On the subject, it has been said by this court:

"Our Bill of Rights provides, that the accused in all criminal prosecutions 'shall have a fair trial by an impartial jury.' Art. 1, sec. 10. This language is of no doubtful significance. The trial shall be 'fair,' and the jury 'impartial.' 'Impartial' means 'not partial; not favoring one party more than another; unprejudiced; disinterested; equitable; just. Jove is impartial, and to both the same.' Webst. Dict. As thus defined, 'impartial' evidently means not favoring a party or an individual because of the emotions of the human mind, heart, or affections. It means that, to be impartial, the party, his cause, or the issues involved in his cause, should not, must not be prejudged. The accused in this State, under our Constitution and laws, is entitled to a 'fair trial by an impartial jury;' and there is no other method provided by which the accused can be tried and punished." (Randle v. State, 34 Texas Crim. Rep. 58.)

By the terms of the statute the trial court is given discretion to receive a juror who has formed an opinion from rumors or newspaper reports or editorials when the juror declares on his voir dire that the opinion will not influence his verdict. The discretion, however, is not given to force the accused to accept a juror who has formed an opinion from a knowledge of the facts involved in the prosecution which has been obtained from his own observations or from conversations with witnesses. See Quinn v. State, 51 Texas Crim. Rep. 156; Shannon v. State, 34 Texas Crim. Rep. 9; Obenchain v. State, 35 Texas Crim. Rep. 492; Keaton v. State, 40 Texas Crim. Rep. 144; Gallaher v. State, 40 Texas Crim. Rep. 307: Nelson v. State, 58 Texas Crim. Rep. 107; Collins v. State, 84 Texas Crim. Rep., 228, 206 S. W. Rep. 688; Slack v. State, 67 Texas Crim. Rep. 460; Branch's Ann. Tex. Penal Code, p. 285.

In the instant case, one of the items of evidence was the still, and much attention is given to its description and explanations by the State's witnesses. It appears from the bill of exceptions that the appellant and the still were brought in to the town of Mineral Wells together and were observed by at least one of the jurors; that both

of them had had the purported facts in the case detailed to them by persons who were either witnesses or who had been in close touch with the witnesses; that each of them had formed an opinion touching the guilt or innocence of the appellant on the information thus obtained. It is true that in the bill, as qualified, they declared that the opinion would not influence them. It is believed, however, that the intimacy of the jurors with the facts, acquired in the manner described, their failure or refusal to name the persons with whom they had talked, the absence of any evidence upon the motion for new trial combating the fact that their information thus obtained from witnesses, rendered it improper that the court should force the appellant to try the case before the jurors named over his protest and against his objection after he had exhausted his peremptory challenges, and that in refusing to grant a new trial the court was in error. Entertaining this view, the affirmance heretofore entered is set aside, the motion for rehearing is granted and the cause is now reversed and remanded.

*Reversed and remanded.*