## L. W. JESTER v. THE STATE.

No. 9026.    Delivered June 3, 1925.

1.—Manufacturing Intoxicating Liquor—Jurors—Opinions Formed—Challenge for Cause—Improperly Overruled.

Where thirteen of the jurors tendered to appellant, testified on their *voir dire* examination that they had seen the still and paraphernalia captured by the sheriff and said to have been used by appellant in manufacturing whisky, and that in their opinion the parties captured with it, must be guilty, and that they had formed an opinion as to appellant's guilt, and that they would go into the jury box with that opinion in their minds, the challenge for cause to said jurors, should have been sustained.

2.—Same—Continued.

This court has always drawn a clear distinction between the formation of an opinion from mere hearsay, and an opinion derived from original sources. The facts stated by the jurors as above detailed, brings this case within the rule governing opinions, derived at least in part from original sources. Appellant, after having exhausted his ten peremptory challenges and forced to accept three of said jurors, has been denied a trial by an impartial jury and the cause must be reversed. Following Keaton v. State, 40 Tex. Crim. Rep. 139.

Appeal from the District Court of Cook County. Tried below before the Hon. C. R. Pearman, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*R. M. Findley, Culp, Culp & Culp,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Cooke County for the offense of manufacturing liquor, and his punishment assessed at confinement in the penitentiary for a term of one year.

The facts show that appellant and three other parties were arrested at a still in Cooke County and charged with manufacturing liquor, and the still was brought to Gainesville and placed in the sheriff's office several weeks before the time of the trial.

There is but one question raised that requires discussion in this case. Appellant claims by proper bills of exception that thirteen of the venire who were declared by the court qualified to try this case, were objectionable and disqualified under statements they made on their voir dire examination. Appellant further correctly contends that he only had ten peremptory challenges under the statute and that he was therefore forced to accept three objectionable and disqualified jurors to try this case. His bills clearly show that the court held each of the thirteen men hereinafter mentioned qualified and tendered them to him with nineteen others from which to draw the jury.

In order that this opinion may be understood, and the issues properly and correctly stated, it is necessary to make the following statement:

The juror Cravens stated that he was in the sheriff's office when the captured still was in there, and that he heard it said that it was one of the best stills in the country and that he heard people in there discuss the manner in which the parties running it were arrested

and that he was looking at the still and trying to find out something about it; and that he read in the papers about four men running it and being captured, and that in his opinion the parties captured with it must have been guilty. That he formed this opinion from what he read in the papers and from what he observed and heard in the sheriff's office, and that he had heard nothing since then to remove that opinion and that he still had that opinion; And that he would go into the jury box with that opinion in his mind if he should be chosen on the jury. The juror further declared he could try the defendant upon the evidence and according to the charge of the court. Each of the other twelve prospective jurors gave similar testimony on his voir dire examination.

In the case of Sawyer v. State, 47 S. W. 651, it was held that a mere loose expression formed from idle rumors or newspaper accounts or matters of that sort, and an opinion that is not established or fixed as to the guilt or innocence of the accused does not show the juror to be incompetent. In that same case, however, the declaration is expressly made that the statute requires that there must be established in the minds of the jurors such a conclusion as would likely influence him in finding the verdict before he would be incompetent. We believe that the facts in this case fully meet the test last announced. The jurors in this case did not express a mere loose opinion, and the opinion expressed by them was not formed from mere idle rumors. On the contrary in every instance, the opinion was definite and positive and was not formed or based on idle rumors but in practically every instance was based at least in part upon an examination of physical evidence offered in the trial of the case.

This court has always drawn a clear distinction between the formation of an opinion from mere hearsay and an opinion derived from original sources. The facts stated by the jurors as above detailed clearly bring this case within the rule governing opinions derived at least in part from original sources. Keaton v. State, 40 Texas Crim. Rep. 139, 47 S. W. 90.

Every juror whose qualifications were called in question with possibly one exception, testified that he had examined the still with which the liquor was made and from the examination of the still and his observations in the sheriff's office, where the still was displayed, he had formed the opinion expressed. We think there can be no doubt but that under this state of facts, the opinion was formed from original sources and not from hearsay.

The record discloses that appellant was forced to take three of these objectionable jurors to try his case and was forced to exhaust all of his peremptory challenges on the other ten, or in the alternative to take others of the objectionable ones on his jury. We

are of the opinion that the court erred in not sustaining a challenge to each of these thirteen jurors for cause.

For the error above mentioned, it is our opinion that the judgment of the trial court should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.