## M. L. JONES V. THE STATE.

No. 11070.   Delivered November 16, 1927.

Rehearing denied January 18, 1928.

**1.—Receiving and Concealing Stolen Property—Charge of Court—Submitting Two Counts—Held Proper.**

Where an indictment in two counts charged the theft, and receiving and concealing stolen property, and there was evidence sustaining both counts, the court properly submitted both counts in his charge and refused to require the state to elect upon which count conviction would be sought. See Longoria v. State, 188 S. W. 987, and Strickland v. State, 276 S. W. 429.

**2.—Same—Challenge of Jurors For Cause—Properly Overruled.**

Where a juror on his voir dire examination, stated that he had talked to the prosecuting witness about the case, but that such witness did not state any of the facts to him, and that he had no opinion as to appellant's guilt or innocence, but would try the case alone on the law and the evidence, the challenge for cause was properly overruled.

**3.—Same—Charge of Court—On Accomplice Testimony—Properly Refused.**

Where there was no evidence introduced connecting the witness Hobbs with the offense, except that of appellant, who claimed that he bought the stolen property from Hobbs, there was no necessity to submit a charge on accomplice testimony, in view of appellant's own testimony, virtually admitting his guilt of receiving and concealing the property. See Fisher v. State, 197 S. W. 189, and other cases cited in original opinion.

### ON REHEARING.

**4.—Same—Qualification of Jurors—Rule Stated.**

On rehearing, appellant challenges our original opinion, holding the juror King qualified. In this case no facts were shown to have been known to the juror upon which an opinion may have been formed and the juror stated unequivocally that he had no opinion, and we cannot agree with appellant's criticisms.

**5.—Same—Accomplice Testimony—Failure to Submit in Charge—No Error Shown.**

The failure to submit the issue of an accomplice as to the witness Hobbs, was proper. Appellant was convicted of receiving and concealing the stolen property, claiming that he had bought it from Hobbs, who denied all connection with the theft, and who testified to no incriminating fact against appellant. In the light of appellant's own testimony, no possible injury could have been done him by the failure to submit the question of Hobbs being an accomplice, to the jury.

**6.—Same—Search Without Warrant—Consent of Accused—No Error Shown.**

Where appellant complains of a search of his automobile in which a part of the stolen property was discovered, because no search warrant was shown authorizing such search, and it was proved that the search was made with the consent of appellant, no error is shown. See Hale v. State, 105 Tex. Crim. Rep. 365.

**7.—Same—Bill of Exceptions—To Leading Questions—Rule Stated.**

"A bill of exceptions taken because of leading questions must affirmatively exclude any idea that under the peculiar circumstances of the particular case, the court was justified in permitting the state to ask leading questions, and if it does not do so, no error is shown." See Montgomery v. State, 4 Tex. Crim. App. 140, Branch's Ann. P. C., Sec. 159.

Appeal from the District Court of Throckmorton County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for receiving and concealing stolen property, penalty two years in the penitentiary.

The opinion states the case.

*T. R. Odell* of Throckmorton, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is fraudulently receiving and concealing stolen property, the punishment confinement in the penitentiary for two years.

The indictment contains two counts. The first count charges appellant with the theft of property over the value of fifty dollars, and the second count with knowingly receiving and concealing such property. The court submitted both counts to the jury, and a verdict was returned against appellant finding him guilty under the second count. After the state rested its case, appellant moved the court that the District Attorney be required to elect the count of the indictment upon which he would seek a conviction. The court did not err in overruling appellant's motion. There was evidence in the record tending to sustain each count. Houston v. State, 47 S. W. 468. See also Longoria v. State, 188 S. W. 987; Strickland v. State, 276 S. W. 429.

Appellant assigns as error the overruling of his challenge for cause to the juror C. E. King. At the time of the challenge, appellant had exhausted his peremptory challenges and was forced to take the juror. Appellant's bill of exception shows that the juror stated that he had talked to the prosecuting witness but that he did not tell him what the facts were in the case; that he had heard other folks talk about the case and that he had formed an opinion from what he heard, but that he had not formed an opinion as to the guilt or innocence of appellant; that he would try the case, if taken as a juror, solely according to the law given him in charge by the court

and the evidence adduced on the trial of the case. If the juror had formed an opinion as to the guilt or innocence of appellant, it is not disclosed that such opinion was formed from talking to the prosecuting witness. He stated that the witness did not state any of the facts to him. The bill manifests no error.

Appellant complains of the action of the court in refusing to submit to the jury the issue as to whether the state's witness, Charlie Hobbs, was an accomplice. An inspection of the record convinces us that, under the evidence, a charge submitting such issue was not required. Appellant and Francis Gober were found together in possession of twelve or thirteen pairs of trousers, three or four pairs of shoes, two or three pairs of slippers, a pair of oxfords, and other property, which was shown to have been stolen by some person or persons from H. S. Neely. The witness Charlie Hobbs testified that shortly prior to the burglary of Neely's place of business and the theft of his property, Francis Gober told him that he had a key which he found in some trousers in the tailor shop where he worked, and asked him if he would like to help him "pull a job." The witness declined. The witness Neely testified that he patronized the tailor shop where Francis Gober worked and that he had had some clothes pressed there and had lost the key to his store. Testifying in his own behalf, appellant stated that he bought the property found in his possession from the witness Charlie Hobbs, paying him fifteen dollars for an overcoat, three pairs of pants, and three pairs of shoes; that Hobbs told him he would place the property under a culvert about two miles from town; that at the time he made the contract with Hobbs, he paid him for the property, and later went to the culvert about sundown and found the aricles he had purchased; that he thought there was something suspicious about buying clothes and having them delivered under a culvert two miles from town. The witness Hobbs denied that he sold the property to appellant and stated that he had nothing to do with the stolen goods. The record shows that the property claimed by appellant to have been purchased from Hobbs had a value of approximately forty-seven dollars. Thus it is seen that appellant, according to his testimony, bought said property at a price representing about one-third of its value.

Appellant was convicted of fraudulently receiving the stolen property from some person to the grand jurors unknown. If the witness Hobbs was the thief, his testimony was in no sense essential to the conviction of appellant. In this condition of

the record, we would not be authorized to reverse this case on account of the matter complained of in appellant's bill of exception. Fisher v. State, 197 S. W. 189; Wilkinson v. State, 245 S. W. 430; Forson v. State, 234 S. W. 913.

We have carefully examined the remainder of appellant's bills of exception and find that they do not manifest reversible error.

Finding no error the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant contends that our holding as to the court's action relative to the juror King cannot be reconciled with Collins v. State, 84 Tex. Crim. Rep. 228, 206 S. W. 688; Jester v. State, 100 Tex. Crim. Rep. 409, 273 S. W. 570, and Quinn v. State, 51 Tex. Crim. Rep. 155, 101 S. W. 248. In Collins' case it is stated that the juror who had an opinion could have reached it in no other way than by conversation with the witness. The same is true in Quinn's case. In Jester's case the jurors had formed opinions from personal examination of physical evidence introduced by the state upon which in part reliance was had for conviction. In the present case the witness made no statement of the facts to the juror from which the opinion could have been formed.

We have again examined the facts and think the holding in the original opinion relative to the failure of the court to submit the issue as to whether Hobbs was an accomplice is supported by the authorities therein collated.

Appellant complains because evidence was admitted as to the finding of certain goods claimed to have been taken from the burglarized store in an automobile in which appellant and others were riding. The objection interposed was that the officers had no search warrant. The bill might well be dismissed from consideration with the statement that the claim of no search warrant appears in the bill as a ground of objection only, there being no certificate or recital that such was a fact. Many of appellant's bills are in the same condition. With reference to the particular bill mentioned we find that the officer testified

that he had consent to search the car.   See Hall v. State, 105 Tex. Crim. Rep. 365, 288 S. W. 202, in which many authorities are collated upon the question of the waiver of warrant.

Appellant further complains that the court permitted leading questions to be asked by the state of its witness Hobbs.  There is nothing in the bill to exclude the idea that Hobbs may have been a hostile or an unwilling witness.

"A bill of exceptions taken because of leading questions must affirmatively exclude .any idea that under the peculiar circumstances of the particular case the court was justified in permitting the state to ask leading questions, and if it does not do so no error is shown."   Montgomery v. State, 4 Tex. Crim. App. 140.   In Branch's Ann. Tex. P. C., Sec. 159, many other authorities are collated which support the text quoted.   The bill is defective for the omission mentioned.

There may be found in the record in this case twenty-nine bills of exception.   Manifestly the time of this court cannot be taken up in a seriatim discussion of them.   Each one has been examined in the light of appellant's motion.   Some are defective and none of them manifest error.

The motion for rehearing is overruled.                    *Overruled.*